STATE v. GREEN.

1. PLEADINGS—INDICTMENT—JUDGE OF PROBATE.—An indictment against a judge of probate, under Crim. Code, 308, should charge a *wilful* failure or neglect of duty.    *Construing* Crim. Code, secs. 305 and 308.

2. JUDICIAL NOTICE.—This Court will take judicial notice of the jurisdiction conferred by law on a judge of probate, and also of the territorial limits of his jurisdiction.

3. PLEADINGS—INDICTMENT—PUBLIC GUARDIAN.—An indictment alleging that certain estates were in the hands of a judge of probate as public guardian, necessarily implies that they are the property of minors, lunatics or idiots, although it alleges the estates to be those of decedents.

4. JUDGE OF PROBATE—IMPEACHMENT—CRIMINAL LAW.—THE CONSTITUTION does not require the impeachment of a judge of probate as a condition precedent to indictment for *failure* to perform official duties.

5. PUBLIC GUARDIAN—TWO OFFICES.—The office of public guardian is only a new duty imposed on the judge of probate by the General Assembly, under authority of the Constitution.

Before TOWNSEND, J., Georgetown, May, 1897. Reversed.

Indictment against Zachariah D. Green, as judge of probate, for failure to perform official duties. From judgment against defendant, he appeals.

*Messrs. J. Jenkins Hucks* and *Lee & Moise*, for appellant. The latter cite: *Indictment not sufficient, in that it does not allege a wilful failure to perform the duties of the office:* Crim. Code, 305, 308; Rev. Stat., 2183; 144 U. S., 677; 139 U. S., 288; 134 U. S., 624; 22 S. C., 302; 1 Speer, 308; 10 S. C., 35; 36 S. C., 497; 46 S. C., 554; 49 S. C., 171; 60 Me., 58; 7 Rich. L., 368; 5 S. C., 120; sec. 29, chap. CXXXI., of Gen. Stat.; 14 S. C., 353; 1 Bail., 144; 47 S. C., 5; 1 Rich., 184; Crim. Code, 55; 33 S. C., 111; 43 S. C., 56. *Indictment must allege impeachment:* Con. 1868, art. VII., sec. 3; Con. 1895, art. XV., secs. 3 and 4; 3 Brev., 537; 7 Rich., 372. *Office of public guardian and judge of probate are two separate and distinct offices:* Con. 1895, art. II., sec. 2; 7 Rich., 387. *Indictment is duplicitous:* 45 S. C., 483; 49 S. C., 488; 5 Strob., 10.

*Solicitor Wilson*, contra, cites: *Not necessary to allege unlawfully and wilfully:* Crim. Code, 55. *Office of public*

*guardian not new office, but only duties added to office of judge of probate:* Rev. Stat., 2179 to 2188.

July 7, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appellant was tried and convicted upon the following indictment, to wit: "The State of South Carolina, County of Georgetown. At a Court of General Sessions, begun and holden in and for the county of Georgetown, in the State of South Carolina, at Georgetown Court House, in the county and State aforesaid, on the second Monday of February, in the year of our Lord 1897, the jurors of and for the county aforesaid, upon their oath, present that Zachariah D. Green, late of the county and State aforesaid, on the 13th day of February, in the year of our Lord 1896, with force and arms, at Georgetown, in the county and State aforesaid, being the judge of probate of said county, and by virtue of said office being the public guardian, and having in his charge certain estates, to wit: the estate of Robert Spencer, and the estate of W. F. Elliott, deceased, did fail and neglect to make his annual report to the Court of Common Pleas in and for said county, at the first term thereof, to wit: the February, 1896, term, of all his actings and doings as such public guardian, against the form of the statutes in such case made and provided, and against the peace and dignity of the same State aforesaid. John S. Wilson, solicitor."

Upon the reading of the indictment, the appellant's attorneys demurred to the same, and moved to quash it on several grounds, the first of which is as follows: "A. In not alleging that the defendant had unlawfully and wilfully failed and neglected to make his annual report to the Court of Common Pleas as public guardian, and in that said indictment did not charge any crime or criminal intent against the defendant." Section 305 of the Criminal Code is as follows: "Any public officer hereafter to be elected or appointed, whose authority is limited to a single election or judicial district, who shall be guilty of

any official misconduct, habitual negligence, habitual drunkenness, corruption, fraud or oppression, shall be liable to indictment, and, upon conviction thereof, shall be fined not exceeding $1,000 and imprisoned not exceeding one year." Section 308 thereof is as follows: "Any clerk of the court of common pleas and general sessions, or sheriff, or judge of probate, or register of mesne conveyances, in this State, who shall wilfully fail or neglect to discharge all the duties and perform all the services which are required of him by law, in addition to his liability to the party aggrieved, shall be liable to be indicted as for a misdemeanor, and, upon conviction thereof, shall be fined at the discretion of the Court, not exceeding $500." These sections were formerly sections 27 and 29, chap. CXXXI., of the Revised Statutes. In construing these sections, the Court, in the case of the *State* v. *Hall,* 5 S. C., 120, says: "It is clear that the cases embraced in section 29, the last adopted, as it regards the class of persons enumerated under that section, cannot be prosecuted under section 27. The penalties imposed by the two sections differ essentially. As they cannot be treated as cumulative, that prescribed by section 29 must displace that prescribed by section 27, as it regards all offenses embraced within section 29. In this respect, a repugnancy exists between them, that tends to the conclusion that the legisiature, in adopting the statute of which section 29, in its original form, constituted a part, either regarded the case of a neglect of official duty as not embraced in section 27, or that they deemed the punishment prescribed by section 27 as in excess of what was called for in the class of cases to which section 29 relates. Both of these conclusions tend to the same result, namely, an interpretation of the two sections by which failure to perform official duties will be punished under section 29 exclusively." It thus appears that there is a repugnancy between the two sections, and that a person violating one of said sections cannot be indicted under the other. The Court finds it necessary, therefore, to determine under which

of said sections the appellant was indicted. When carefully analyzed, it will be seen that the provisions of the two sections are widely different. Section 308 makes it unlawful for the officers therein mentioned wilfully to fail or neglect to discharge the *duties* of their respective offices. Such failure or neglect being only *passive* in nature. This section does not require that the negligence should be habitual in order to constitute the offense therein mentioned. Section 305 provides for violations of the law that are principally of an *active* character, and the punishment is greater than in section 308. The words, "official misconduct," in section 305, must be construed so as not to embrace those cases provided for in section 308. The indictment does not charge habitual negligence, but simply that the appellant failed and neglected to perform an official duty. It must, therefore, be regarded as charging a violation of the provisions of section 308. In order to constitute an offense under section 308, it is necessary that the failure or neglect should be *wilful.* The indictment fails to allege this fact, which is a material ingredient of the offense, and the motion to quash the indictment on the ground of this defect should have been granted.

The second and third grounds are as follows: "B. In not alleging that the defendant was a public officer elected or appointed and duly qualified and commissioned as judge of probate for Georgetown County. C. In not alleging that the defendant, as judge of probate, was a public officer elected or appointed, whose authority was limited to a single election or judicial district." The Court will take judicial notice of the jurisdiction conferred by law upon a probate judge, and also of the territorial limits within which such jurisdiction may be exercised. It was, therefore, unnecessary to allege these facts in the indictment.

The fourth ground is as follows: "D. For want of certainty in not alleging that the fund claimed to be in the hands of the defendant as judge of probate and public guardian, was the estate of a minor, idiot or lunatic, and

to whom the same belonged, but, on the contrary, alleging the same to be the property of a decedent, to wit: alleging the same to be the property of the estate of Robert Spencer and the estate of W. F. Elliott, deceased." The indictment alleged that the estates were in his hands as *public guardian*, which necessarily implies that they were the property of minors, lunatics or idiots.

The fifth ground is as follows: "E. Because the office of judge of probate being a constitutional and judicial office, and the alleged offense being one pertaining to its duties, the indictment failed to allege that the defendant had been impeached and removed from office in the manner required by the Constitution, until which impeachment and removal from office, the Court of General Sessions was without jurisdiction or power to try the defendant upon said indictment." The Constitution gives no such immunity to the criminal, who not only violates the law but the trust of office confided to his care, the duties of which he takes an oath to discharge faithfully.

The sixth and seventh grounds are as follows: "F. Because the office of public guardian is a separate and distinct office created by the General Assembly, with separate and distinct duties, compensation, and jurisdiction from the office of the judge of the court of probate, to which latter office the defendant had been duly elected, and the duties of which he was discharging at the time of the alleged offense. That the holding of two offices by the defendant at the same time was in violation of the provisions of the Constitution of said State, and his acts as such public guardian were void, and for failure to perform the duties of said office of public guardian, said indictment would not lie, and should have been quashed. G. Because the office of public guardian is not embraced within the terms of section 308 of the Criminal Statutes of said State, and hence the indictment would not lie against the defendant under said section, and should have been quashed." These grounds raise the question whether the statute re-

quiring the judge of probate to act as the guardian of the estates of minors, idiots, and lunatics, created a separate and distinct office. By reference to article 2, chapter 83, of the Revised Statutes, it will be seen that the legislature only intended to impose a new duty upon judges of probate as to matters within their jurisdiction, until the General Assembly shall otherwise provide, in accordance with section 19, article V., of the Constitution, which is as follows: "The court of probate shall remain as now established in the county of Charleston. In all other counties of the State, the jurisdiction in all matters testamentary and of administration, in business appertaining to minors and the allotment of dower, in cases of idiocy and lunacy and persons *non compos mentis*, shall be vested as the General Assembly may provide, and until such provision, such jurisdiction shall remain in the court of probate as now established." There is no provision of the Constitution which prevented the legislature from imposing the said new duty upon the judge of probate. It is merely incidental to the office of probate judge, and does not create another office. This view dispenses with the further consideration of the said grounds.

The eighth ground was abandoned. There are other exceptions to the rulings and charge of his Honor, the presiding Judge, which will not be considered, as the indictment will have to be quashed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court, with directions that the indictment be quashed.

MR. CHIEF JUSTICE McIVER concurs in the result.