## GREEN v. ANDERSON CO.

1. COSTS.—SHERIFF—SEARCH.—A sheriff cannot charge for search for a person under a magistrate's warrant.

2. IBID.—IBID.—MILEAGE.—A sheriff is entitled to the actual mileage travelled by him in serving all warrants in each case issued by a magistrate.

3. IBID.—IBID.—ARRESTS—MILEAGE.—A sheriff is entitled to mileage on magistrate's warrants as in two cases when on same trip he arrests two defendants in different cases.

Before GAGE, J., Anderson, August, 1899. Modified.

Claim for costs on magistrate's warrants by Nelson R. Green, sheriff, against Anderson County. From order on Circuit, defendant appeals.

*Mr. J. E. Breazeale,* for appellant, cites: *As to costs:* 10 S. C., 40; 27 S. C., 15; 42 S. C., 526; 40 S. C., 447; 54 S. C., 536; Rev. Stat., 2561. *Constable allowed no costs for search:* Rev. Stat., 2562. *Constable's can charge only necessary miles travelled:* Rev. Stat., 2562, 2561.

*Messrs. Tribble & Prince,* contra (oral argument).

January 3, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is a submission of a controversy without action for the purpose of determining the right of the sheriff of Anderson County to certain costs claimed by him for executing papers lodged with him by a magistrate. The first question presented here is whether the Circuit Court erred in allowing the sheriff fifty cents and mileage for each search made for a defendant on a warrant issued by a magistrate.

We think the Court erred. Costs are purely statutory, and the claimant must point to the statute conferring the right thereto. *Lancaster* v. *Barnwell,* 40 S. C., 446. The

provision in section 2561, Rev. Stat., allowing fifty cents for "search for persons or goods not found and return on the execution of *non est inventus* or *nulla bona*," does not relate to process in his hands issued by a magistrate. On the contrary, this section provides that the sheriff for executing papers issued by a magistrate shall be allowed the same fees as are allowed to constables. When we examine section 2562, which provides costs for constables, we fail to find any allowance for search for any person. As a constable may not be allowed for such search, neither may a sheriff.

The next question relates to a charge for mileage on arrest warrants for defendants and arrest warrants for witnesses. The sheriff claimed and was allowed mileage on fourteen warrants for witnesses issued in six cases against the same defendant, all the warrants for witnesses being executed in one trip. The county contends that he was entitled only for mileage actually travelled in serving all the warrants. Our view is that the sheriff is entitled to mileage actually travelled in serving all the warrants issued in each case. While, therefore, he was not entitled to mileage on each of the sixteen warrants issued in six cases, he was entitled to mileage necessarily travelled in each of the six cases. Sec. 2652 allows mileage for each mile necessarily travelled in serving warrants for witnesses in any criminal case. The fact that all the warrants in all the cases were served in the same trip does not prevent charge for mileage in each case as for necessary travel in that case. But we do not think the statute meant to allow a multiplication of witness warrants in each case as a basis for a charge for mileage on each warrant, but was designed to limit mileage in executing witness warrants in each case to the miles necessarily travelled in each case.

It appears, also, that while executing the witness warrants in these six cases, the sheriff on the same trip arrested two defendants under a warrant in another case. As to this, the Circuit Court correctly held that the sheriff

was entitled to full mileage necessarily travelled in that particular case, notwithstanding he was executing warrants in other cases and receiving mileage thereon.

The judgment of the Circuit Court is modified in accordance with the views above announced.