6612

ACKER v. ANDERSON COUNTY.

INQUEST—MAGISTRATE—FEES.—There being no statute authorizing payment of fees for holding inquests in Anderson County, a magistrate holding an inquest more than 15 miles from the Court House cannot collect of County fees therefor.

Before WATTS, J., Anderson, December, 1906. Affirmed.

Controversy without action by R. V. Acker against Anderson County. From judgment for plaintiff defendant appeals.

*Mr. J. E. Breazeale,* for appellant, cites: Code, 1902, secs. 888, 1006, 1007, 1038, 1040, 1029, 1043, 1019, 3117, 1036, 729; 75 S. C., 560; 24 Stat., 418, 897, 883, 892; 25 Stat., 150.

*Messrs. Bonham & Watkins,* contra, cite: Code, 1902, secs. 994, 999, 888, 900, 994, 3117, 3100; 24 Stat., 418; 56 S. C., 411, 506; 54 S. C., 536.

August 5, 1907. The opinion of the Court was delivered by

MR. JUSTICE JONES. This was a controversy in the Circuit Court without action upon an agreed statement of facts. The plaintiff is a magistrate for Anderson County, and in the year 1905, held two inquests over dead bodies for which services he presented a claim for $17.00 to the county commissioners of Anderson County. The inquests were held more than fifteen miles from the Court House and upon the request of two reputable citizens. The county commissioners refused to pay the claim upon the ground that the statutes make no provision for the payment of such fees to magistrates in Anderson County. The Circuit Court sustained this view and dismissed the proceedings.

We concur with the Circuit Court. Costs and fees are never allowed to an officer unless some statute, strictly construed, confers the right. *Lancaster* v. *Barnwell,* 40 S. C., 446, 19 S. E., 74; *Green* v. *Anderson Co.,* 56 S. C., 411, 34 S. E., 691. We find no statute authorizing such costs.

The authority of a magistrate to hold an inquest is derived from sec. 888, Code of Laws, which provides that, "any magistrate of the county, except in the County of Charleston, is authorized and required to exercise all the powers and discharge all the duties of the coroner in holding inquests over the body of deceased persons and taking all proper proceedings therein, in all cases where the coroner of the county is sick, or absent or at a greater distance than

fifteen miles from the place for such inquiry, or when the office is vacant."

Sec. 3117, vol. 1, Civil Code, among the fees and costs of magistrates for civil and criminal matters, provides a fee of $8.50 for "proceedings on coroner's inquest as prescribed by law." But sec. 1006 of that volume and amendatory statutes provide for salaries of magistrates in Anderson County and sec. 994 expressly provides that the magistrates "shall receive annual salaries in lieu of all fees and costs in criminal cases or proceedings." An inquest over a dead body is a proceeding essentially criminal in its nature and must fall within the meaning of the term "criminal proceeding," in lieu of fees for which the salary is provided. Criminal Code, secs. 701-729, regulates the procedure and by sec. 890, vol. 1, Civil Code, the inquisition and evidence must be returned to the clerk of the Court of General Sessions. This would be conclusive if the coroner were allowed fees for holding inquests in Anderson County, but by act of 1904, 24 Stat., 418, the coroner of Anderson County is paid a salary in lieu of all costs and fees. Hence there is no statute authorizing the payment of fees for holding an inquest in Anderson County, whether the services is rendered as magistrate or as coroner.

The judgment of the Circuit Court is affirmed.