8463

STATE v. ELLIOTT.

OFFICER—SCHOOL TRUSTEES.—An ex-school trustee may be indicted under section 545 of Criminal Code of 1912 for building, as the representative of the board, a schoolhouse on lands to which he did not acquire title to the board and paying for same out of public school funds on the order of the board procured by representing the title as all right. When the acts were performed by him at the request of and as the representative of the board, the acts were those of the board and imposed on him by statute.

Before GARY, J., Kershaw, July, 1912.    Affirmed.

Indictment against R. B. Elliott.    Defendant appeals.

*Mr. B. B. Clark,* for appellant, cites: *A parol gift of land where donee enters and makes improvements will be upheld in equity:* 12 A. & E. Ann. Cases 493.    *In alleging fraud, facts should be stated:* 65 S. C. 179.    *A wrongful official act does not constitute official misconduct:* 7 A. & E. Ann. Cas. 773.

*Solicitor W. Hampton Cobb, W. B. deLoache* and *Mendel L. Smith,* contra, cite: *Official misconduct:* 7 Rich. 368; 65 S. C. 178.

March 15, 1913.    The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.    The defendant was convicted, under an indictment containing two counts, and appealed from the sentence imposed on him.

In substance, the first count was as follows: That the defendant was a member, chairman and clerk of the board of trustees of school district No. 18, of Kershaw county, on and prior to the 10th of January, 1910.    That it was one of

the duties of the board of trustees, to provide suitable schoolhouses and to make the same comfortable, paying due regard to any schoolhouse already built, or site procured. That the defendant, as chairman of said board of trustees, and as a member thereof, was charged with the duty of procuring a suitable site, and the title thereto, for said building, and to make such investigations and arrangements, as were necessary for the proper erection of said building. That said building was constructed, under the supervision of the defendant; and, upon his representations and assurances, all the costs and expenses thereof, were paid from the funds of said school district. That the defendant did wilfully and unlawfully refuse, fail, and neglect to discharge said duties, and did wilfully and unlawfully, cause said building to be erected, on the lands of his wife, Mrs. Lida D. Elliott, and did wilfully and unlawfully refuse, fail, and neglect to secure said title; and, through the knowledge and acquiescence of his wife, he converted said building to his own use, and refused to permit it to be used for school purposes, in accordance with law, and the will of the present board of trustees.

The second count alleges: That the defendant with a full knowledge, that said building was being constructed upon lands, to which the said school district had no title, did falsely, fraudulently, and in disregard of his duty and trust, as trustee of said school district, cause, as chairman, clerk and member of said board of trustees, the costs and expenses of said building to be fully paid, from the funds of said district.

In other respects the two counts are similar, except that in the first, it is alleged, that the failure of the defendant, to discharge his public duties, was due to wilfulness and negligence; whereas, in the second count, the allegations are, that he did falsely and fraudulently commit a breach of his duty, in the respects therein mentioned.

When the case was called for trial, the defendant's attorney made a motion, to quash the indictment.

The following are the grounds, upon which he, moved to strike out the first count in the indictment:

"Because to refuse, fail and neglect to secure the title to land, upon which schoolhouse is built, * * * (the acts of omission mentioned in first count of indictment) constitute no offense, in that there is no statute requiring school trustees to perform the said omitted acts.

"Because, for the defendant, to cause said buildings to be erected on the lands of another, and, while a school officer, to fail, refuse and neglect to secure said title (the acts of commission mentioned in said count), constitute no offense, in that said acts are not in contravention or disobedience of any statute.

"Because the first count of indictment alleges that the board of trustees charged and entrusted defendant, one of its members, with a certain duty, and that defendant acted or omitted to act, in disobedience of this duty, which allegations do not make out the offense of official misconduct, or malfeasance in office, in that a member of a corporate body, upon which body a duty rests, cannot be held individually liable for the neglect of, or failure to perform a duty imposed on him by that body, there being no statutory duty upon him to act individually, but, on the contrary, the statute requiring him to act as an incorporator, in the way prescribed for said body's action, and by the use of its powers and means."

The grounds of the motion for quashing the second count, are the same as those upon which the motion was made to quash the first count, except the second, which is as follows:

"Because, for the defendant to know, that said schoolhouse was being erected upon lands, to which the school district had no title, the lands of his wife, and to cause the costs and expenses thereof to be fully paid from the funds of said district (the acts of commission mentioned in said

count), constituted no offense, in that said acts are not in contravention or disobedience of any statute."

He also relied upon the following, which are designated as "additional grounds:"

"Because sections 381 and 388 of the Code are repugnant, a different punishment being provided for the same offense, 381 being the latest law on the subject must govern, and under section 381, only an officer can be indicted—not a person who has been an officer.

"Because neither section 388 nor 381 are applicable to a school trustee, as he is not an officer whose authority is limited to a single election or judicial district, nor is he a county officer.

"Because the official misconduct, for which a school trustee may be indicted, is specified in the school law, and does not include the offense charged in the indictment."

The defendant was indicted under the statute, incorporated in the Criminal Code of 1902, as section 388, and in the Criminal Code of 1912, as section 545, which is as follows : "Any public officer hereafter to be elected or appointed, whose authority is limited to a single election or judicial district, who shall be guilty of any misconduct, habitual negligence, habitual drunkenness, corruption, fraud or oppression, shall be liable to indictment, and upon conviction thereof, shall be fined not exceeding one thousand dollars, and imprisonment not exceeding one year." He was not indicted under section 381, Criminal Code of 1902, now section 538, Criminal Code of 1912, for the reason that the defendant was not in office, when he was indicted in July, 1912, and the only penalty provided by that section, is that upon conviction, the office shall be declared vacant, and the sentence shall be removal of defendant from office. Nor was he indicted under section 391, Criminal Code of 1902, now section 548, Criminal Code of 1912, as it is only applicable to clerks of court, sheriffs, judges of probate, and

registers of mesne conveyances. *State* v. *Green*, 52 S. C. 520, 30 S. E. 683.

Section 761, Code of Laws of 1912, contains this provision: "The board of trustees shall have authority, and it shall be their duty: To provide suitable schoolhouses in their districts, and to make the same comfortable, paying due regard to any schoolhouse already built, or site procured, as well as to all other circumstances, proper to be considered, so as best to promote the educational interests of their districts."

This section fully shows, that the duties which the defendant undertook to discharge, were such as, beyond question, were contemplated by said section, and there are other provisions to the same effect, to which we deem it unnecessary to refer.

Having reached the conclusion that the defendant was under a duty to discharge the trust mentioned in the indictment, the next question is, whether the indictment alleges such facts as constitute a violation of law, on the part of the defendant.

In the first count it is charged that the defendant failed, through *wilfulness* and *negligence,* to discharge the duties imposed upon him as trustee, and the second count, charges that he *falsely* and *fraudulently* failed to discharge said duties.

Both counts are sufficient to constitute a violation of the statute. *State* v. *Jaques,* 65 S. C. 178, 43 S. E. 515.

The indictment does not charge him with a failure to perform a duty, simply imposed upon him by the board of trustees, but by the statute. The board of trustees must necessarily perform its duties, through the several members; and when the defendant was assigned to do the work mentioned in the indictment, he was in the discharge of a duty, imposed upon him by the *statute.* The trustees would scarcely ever be able to do their work if every detail had to

be actually carried out, by a majority of the board of trustees.

This practically disposes of all the exceptions.

Appeal dismissed.