12671

SMITH v. J. F. PRETTYMAN & SONS

(148 S. E., 361)

439

440

443

*Messrs. Hinds & Meadors,* for appellant,

*Mr. Legare Walker,* for respondent,

June 4, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The facts and issues involved in this case are fully stated in the following agreed statement contained in the transcript of record:

"The above action was commenced on or about the 18th day of February, 1924, in the Court of Common Pleas for Berkeley County by Frank Smith against J. F. Prettyman & Sons, a corporation, and E. P. Burton Lumber Company, a corporation, by the service of the usual summons and complaint hereinafter incorporated in full, by which complaint the plaintiff alleges that he is the owner of a tract of land therein described and that the defendants claim to be the owners of said premises or the greater part thereof, and that the defendants intend and are preparing to, in the very near future, enter upon the premises for the purpose

of cutting and removing the timber therefrom, asserting the right to do so upon the unfounded claim of ownership to the premises. Along with the summons and complaint was served a temporary restraining order signed by his Honor, Judge I. W. Bowman, dated February 16, 1924, enjoining the defendants from entering upon the land described in the complaint and from cutting the timber thereupon and from interfering with plaintiff's possession and occupancy of the land and requiring the plaintiff to furnish an injunction bond in the sum of $500 conditioned for the payment to the defendants of any damage which they, or either of them, may sustain, by reason of this injunction, not exceeding said sum, if it is finally decided that the same should not have been granted, which bond was duly executed by plaintiff and his sureties, L. M. Overton and T. P. Crawford, and filed in Court. In due time the defendants answered, J. F. Prettyman & Sons denying the plaintiff's allegations of ownership of the premises and admitting the allegation that it claims to be the owner of the said premises or the greater part, and that it intends and is preparing to in the very near future enter upon the premises for the purpose of cutting and removing therefrom the timber thereon, as it has a right to do, it being the owner of the timber on the said premises and the owner in fee of the premises or the greater part thereof. The answer contained a further defense that it was also the owner of certain timber, timber rights, and other rights, including a right of way in fee, 80 feet in width, upon, over, and across the premises described in the complaint, with the source of its title to the same. In its answer, E. P. Burton Lumber Company disclaimed any title in itself, but affirmed substantially the allegations made by its codefendant in its answer. The summons and complaint were filed on or about the 18th day of February, 1924, and after the time for docketing the cause for trial at the spring, 1924, term of Court for Berkeley County, indorsement was made on the said summons and

complaint directing the Clerk to docket the same on Calendar No. 1, and the Clerk so docketed the same. Upon the sounding of the docket at that term by his Honor, Judge J. K. Henry, the case was continued, on the motion of the attorneys for the defendants, on the 7th day of April, 1924.

"After notice duly served, the defendant, J. F. Prettyman & Sons, moved Hon. R. W. Memminger on May 27, 1924, for an order dissolving the restraining order in this case signed by his Honor, Judge I. W. Bowman, or modifying the said restraining order so as to permit the said defendant to enter upon the land for the purpose of cutting and removing such timber thereon and enjoying and exercising each and every right, during the period of time for which the defendant, J. F. Prettyman & Sons, is entitled under a certain deed from Daniel Smith to Freeman S. Farr, trustee, dated October 23, 1903, and recorded in the office of the Clerk of Court for Berkeley County in Book C-7, p. 16, and under certain notices and extension agreements thereafter executed in connection with the timber and timber rights on said tract of land. Such timber and timber rights as were conveyed and acquired by and under said deed, notice, and extension agreements, at that time being vested in the defendant, J. F. Prettyman & Sons, and so as in no way or manner to limit or affect the location, occupancy, and use, by the said J. F. Prettyman & Sons, as successor in title and present owner of, the right of way in fee across the said tract of land. After considering the motion his Honor, Judge Memminger, made an order modifying the restraining order upon the conditions stated in his order, which is hereinafter set out in full, this order being dated May 29, 1924.

"On the 24th day of July, 1924, the defendant, J. F. Prettyman & Sons, executed, and, on August 14, 1924, filed, the bond as provided for in the order of Judge Memminger, and proceeded with its preparation to enter upon the tract of land and cut and remove the timber thereon. On the 12th

day of August, 1924, the defendants served a supplemental answer, admitting that the plaintiff is the owner of the premises described in the complaint, except that the said J. F. Prettyman & Sons is the owner of certain timber, timber rights and other rights, including a right of way in fee, 80 feet in width, on, over, and across the tract of land described in the complaint (and setting for the devolution of its title thereto), and except further that they are informed and believe that the plaintiff claims that the tract of land described in the complaint includes a portion of a tract in Berkeley County containing 1,325 acres, more or less, conveyed to J. F. Prettyman & Sons by E. P. Burton Lumber Company, in fee, giving the date and place of record of the deed to it, and denying the plaintiff's claim thereto, but that if plaintiff's claim is sustained, that it owns the timber, timber rights, and other rights, including the said right of way 80 feet wide, in fee on the same under the Daniel Smith timber deed of 1903 and the subsequent notices and extension agreements.

"After the filing of the supplemental answers, a final order in the cause was agreed upon, and, with the consent of the attorneys for all parties interested, such order was signed by his Honor, Judge W. H. Townsend, on September 2, 1924, transferring the case from Calendar 1 to Calendar 2, dismissing the complaint against E. P. Burton Lumber Company, fixing the dividing line between the remaining portion of the tract of land known as the '35 mile house tract' owned by the plaintiff, and a certain tract of land known as the 'Big Bay tract' owned by J. F. Prettyman & Sons, adjudging that J. F. Prettyman & Sons owns the timber, timber rights, and other rights claimed by it under the timber deeds and extension agreement set forth in its supplemental answer on, over, and across the lands of the plaintiff 'known as a portion of the 35 mile house tract' as shown on a map attached to the said decree canceling the bond filed by J. F. Prettyman & Sons under the order of Judge Memminger,

and discharging the sureties thereon from liability, vacating and dissolving the restraining order of Judge Bowman of February 16, 1924, and referring to the Master of Berkeley County to take testimony, and to hear and determine the matter of whether or not the defendant, J. F. Prettyman & Sons, is entitled to damages, and if so, the amount thereof, under the bond filed by the plaintiff, by reason, or an account of, the restraining order. Hon. H. W. Harvey, Master for Berkeley County, after giving due notice to plaintiff and his sureties, took testimony and heard arguments and made his report, finding that the defendant, J. F. Prettyman & Sons, is entitled to damages to the full amount of the penalty of the bond, to wit, $500; the report of the Master being hereinafter set forth in full.

"In due time the plaintiff and his sureties, L. M. Overton and T. P. Crawford, served and filed exceptions to the report of the Master; these exceptions being hereinafter set out in full. The exceptions from the report of the Master were argued before his Honor, Judge W. H. Grimball, who by his order dated June 1, 1926, overruled the exceptions and confirmed the report of the Referee, and ordered judgment against the plaintiff and his sureties for $500 with interest at 7 per cent. from August 15, 1925. In due time notice of intention to appeal from this order was served in behalf of plaintiff and his sureties, and the case is now on appeal from this order of Judge Grimball upon the question as to whether or not, under the circumstances, the defendant, J. F. Prettyman & Sons, is entitled to recover any damages, it being admitted that if entitled to any damages, the said defendant is entitled to the amount found."

For the reasons stated in the report of the Master and confirmed by his Honor, Judge Grimball, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.