13934

SETZER v. ODOM *ET AL.*

(176 S. E., 869)

*Mr. E. W. Johnson,* for appellant,

*Mr. Jesse W. Boyd,* for respondents.

November 2, 1934.

The opinion of the Court was delivered by MR. C. T. GRAYDON, ACTING ASSOCIATE JUSTICE.

L. A. Odom and R. E. Foil, defendants-respondents, signed a replevin bond in a claim and delivery action. A. P. Setzer, plaintiff-appellant, brought action upon this bond on September 5, 1933. A motion was made to make the complaint more definite and certain in certain particulars, which was granted, and the plaintiff, Setzer, brought another action on January 13, 1934, without complying with the order to make more definite and certain. To this second complaint the defendants demurred on February 12, 1934, on the ground that there was another cause of action pending between the same parties, in the same Court, covering the same subject-matter involved in the suit. On April 27, 1934, the County Judge for Spartanburg County, Hon. J. L. Thompson, passed an order dismissing the first complaint and requiring the plaintiff to pay the accrued costs together with attorneys' fees for counsel for the defendants in the sum of $25.00. The attorney for the plaintiff desired to dismiss the suit and this condition was put upon the plaintiff to allow him to dismiss said first action.

It will be noted from the above that the defendants had not raised any issue in the cause by way of counterclaim or otherwise that would have entitled the defendants to affirmative relief. The only pleadings

which had been filed was a motion to make more definite and certain, and this motion was granted in part. Therefore, under the well-settled rule in this State, the plaintiff had a right to take a voluntary nonsuit or have the cause of action dismissed as he deemed advisable and costs could be taxed against the plaintiff upon such order of nonsuit or dismissal.

The sole question in this case is whether the County Judge could tax a $25.00 attorney fee against the plaintiff to be paid to the attorney for the defendants. This is not an action on an attachment bond, as in the case of *Frick Co. v. Deiter,* 168 S. C., 289, 167 S. E., 499, where an attorney's fee of $15.00 was allowed to the defendant's attorney under an attachment bond for vacating the attachment; nor is it a cause of action under an injunction bond where costs can be allowed, as in the case of *Smith v. J. F. Prettyman & Sons,* 150 S. C., 438, 148 S. E., 361, where costs were allowed on an injunction bond for the damage suffered by reason of the injunction; nor is it a case in mandamus or other special proceeding where costs were allowed, including attorney's fees, as in *State ex rel. v. Broad River Power Co.,* 164 S. C., 208, 162 S. E., 74. In all of these cases costs were allowed, in some instances attorney's fees, by reason of a special statute existing or by reason of the terms of the bond itself. This case does not fall within the principles of any of those cases.

Costs are purely statutory in character and before one can tax the same the specific statute allowing the same must be pointed out. *Lancaster v. Barnwell County,* 40 S. C., 445, 19 S. E., 74; *Green v. Anderson County,* 56 S. C., 411, 34 S. E., 691.

Neither the order of the County Judge nor the respondents have shown where there is any authority in the statute for the imposition of attorney's fees as a condition precedent to an order of dismissal.

We are not passing upon the right of the defendants, Odom and Foil, to bring action against the plaintiff for the

recovery of such damage as they might be entitled to recover. That question is not before the Court. The exception with reference to the allowing of $25.00 attorney's fees is, therefore, sustained, and the order of the County Judge with reference to this particular matter, which is the only matter involved in this appeal, is reversed.

The judgment of this Court is that the judgment of the County Court be reversed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.