15344

STATE *ET AL.* v. WILDER, CLERK OF COURT

(18 S. E. (2d), 324)

*Mr. John M. Daniel, Attorney General,* and *Mr. Claude K. Wingate,* attorney for the Tax Commission, for petitioners,

*Mr. L. E. Purdy,* of Sumter, for respondent.

December 29, 1941.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE G. DEWEY OXNER.

This proceeding was instituted in the original jurisdiction of this Court for the purpose of requiring the Clerk of Court of Sumter County to file, abstract, and index in his office copies of tax warrants issued by the South Carolina Tax Commission.

A petition was filed alleging that the Tax Commission is charged with the administration of various statutes levying indirect taxes under the terms of which, upon failure to pay such taxes, the Commission is required to issue execution against the defaulting taxpayer; and that the several Clerks of Court are required to index same upon the index of judgments, and to enter in the abstract of judgments the name of the taxpayer, the amount of the tax and penalties for

which the warrant is issued, and the date of filing. It is further alleged that respondent, R. E. Wilder, as Clerk of Court for Sumter County, has failed and refused to make the required entries unless his fee for so doing was first paid.

Upon this petition, a rule to show cause was issued by the Chief Justice of this Court directing respondent to show cause why an order should not be issued requiring him to perform the duties referred to in the petition. Respondent, in his return, while admitting that he has refused to make such entries in his office, alleges that under Section 4924 of the Code of 1932 it is expressly provided that he shall not file or otherwise enter any document or other records in his office without first being paid the fees therefor; that he is without authority to perform the services referred to until the usual fees are paid in advance; and that to do so would be in violation of his duties as Clerk of Court.

The issues thus raised are: (1) Is the Clerk entitled to compensation for these services? (2) If so, are the fees required to be paid in advance?

We think it should be stated that respondent has no personal interest in this controversy as his office is on a salary basis and all fees go into the general county fund. His action is prompted solely by what he conceives to be his duty in the matter.

Under Chapter 107 of the Code of Laws of 1932, the South Carolina Tax Commission is charged with the administration and enforcement of various taxes, including income, documentary, business license, admission, and soft drink taxes. Under the terms of Section 2530 of said Code, upon failure of the taxpayer to pay certain of these taxes within a stipulated time "the Tax Commission shall issue a warrant of execution, directed to the sheriff of the county of the State commanding him to levy upon and sell the real and personal property of the taxpayer found within his county for the payment of the amount thereof, with penalties, if any, and the costs of executing the warrant, and to

return such warrant to the Tax Commission and to pay it the money collected by virtue thereof. Upon receipt of such execution, the sheriff shall file with the Clerk of Court of his county a copy thereof and thereupon the Clerk of Court shall enter in his abstract of judgments the name of the taxpayer mentioned in the warrant and in proper columns the amount of tax, with penalties, and costs for which the warrant is issued and the date and hour when such copy is filed and shall index the warrant upon the index of judgments. The sheriff shall thereupon proceed upon the warrant in all respects with like effect and in the same manner prescribed by law in respect to executions issued against the property upon judgments of a Court of record and shall be entitled to the same fees for services in executing the warrant to be collected in the same manner."

This section further creates a lien in favor of the State on all property of the taxpayer for the amount of such taxes and penalties imposed, but such lien is not effective, with one exception not necessary to refer to, as to purchasers for value and lien creditors until the warrant is entered upon the transcript of judgments in the office of the Clerk of Court.

Sections 2540 and 2531 of the Code of 1932, relating to other of these taxes, are almost identical in terms with Section 2530. The same machinery is also provided for the collection of contributions under the terms of the South Carolina Unemployment Compensation Law. Section 14 of Act No. 946, of the Acts of 1936, 39 Statutes at Large, 1738. Section 2462 relating to income taxes, while differing in some particulars from the other sections mentioned, is substantially similar so far as it relates to the issues under consideration.

Section 4924 of the Code of 1932, which respondent contends requires him to collect in advance fees for filing and entering the warrants issued by the Tax Commission, fixes the fees of Clerks of Court for various acts performed by them and for filing various papers in their office, among

them it is provided in said Section that the Clerk of Court shall receive "for signing, entering and enrolling judgment, seventy-five cents," "for signing and sealing first execution, fifty cents," "for recording judgments, one dollar and fifty cents," and "for filing and recording report of a lien, one dollar."

The foregoing section further provides that in Clarendon and Sumter Counties such fees shall be collected in advance of filing or other services by the Clerk of Court and shall be paid by him to the treasurer for credit to the ordinary county funds.

Considering the return of respondent in the light of the following well-established principles, we think it is insufficient.

"Costs being purely of statutory origin and creation, it cannot be denied that, whenever an officer claims that he is entitled to a given item of costs, he must point out the statutory provision which confers the right to charge the item in question. Another rule, as was held in *Farr v. Thomson,* 1 Rich., 4, is that 'Costs are in the nature of penalties, and the statutes granting them have always been strictly construed'." *Lancaster v. Barnwell County,* 40 S. C., 445, 19 S. E., 74, 75.

To the same effect are the subsequent cases of *Green v. Anderson County,* 56 S. C., 411, 34 S. E., 691, and *Setzer v. Odom et al.,* 174 S. C., 56, 176 S. E., 869.

The ordinary procedure for the issuance of an execution on a judgment through the office of the Clerk of Court does not apply to the collection of taxes by the Tax Commission under the terms of Section 2530 and similar sections. There are no Court proceedings. The taxes and penalties are fixed by the commission who issues the execution which is transmitted directly to the sheriff. The Clerk is not required to attest or issue any execution or sign any judgment. The filing and entries required of the Clerk are designed primarily to give notice to purchasers for value and lien creditors. The provision in Section 2530 requiring the Clerk to enter in the abstract of judgments the amount of tax, penalties and

"costs for which the warrant is issued" could not apply to Clerk's costs for no warrant is issued by the Clerk. A further provision to the effect that "the sheriff shall thereupon proceed upon the warrant in all respects with like effect and in the same manner prescribed by law in respect to executions issued against the property upon judgments of a Court of record and shall be entitled to the same fees for services in executing the warrant to be collected in the same manner" has reference to the procedure and machinery to be used by the sheriff in realizing on executions transmitted to him by the Tax Commission. It will be further observed that the fees for the sheriff are expressly provided for, while there is no provision for fees for the Clerk.

A careful consideration of Section 4924 fails to disclose any provision applicable to the duties required of the Clerk in filing the warrant and making the entries provided for in Section 2530 and similar sections of the Code. We have hereinabove quoted all provisions of Section 4924 that have any bearing. The duties required of the Clerk do not involve the "signing, entering and enrolling judgment," or "recording judgment." Neither is he required to sign and seal any execution issued on a judgment. There remains from the quoted provisions of Section 4924 the item of one dollar allowed "for filing and recording report of a lien." This schedule was enacted long before these taxing statutes. The duties under consideration do not involve the recording of "report" of a lien. Fee statutes must be strictly construed. A consideration of all these circumstances, together with the character of other services enumerated in Section 4924 for which fees are allowed, leads us to the conclusion that the foregoing item does not apply.

The services required of the Clerk are additional duties placed upon him by the General Assembly for which no compensation has been provided.

It follows that the return is insufficient and it is so adjudged. It is further ordered that the prayer of the petition

be granted and respondent is ordered to perform the duties described therein.

MR. CHIEF JUSTICE BONHAM and MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE, and STUKES concur.