15629

SPARTANBURG COUNTY v. PACE *ET AL.*

(29 S. E. (2d), 333)

Septem-
ber, 1943.

*Mr. H. K. Osborne* and *Mr. Thomas B. Butler,* both of Spartanburg, S. C., Counsel for Appellant,

*Mr. Charles M. Pace* and *Mr. Paul L. Taylor,* ·both of Spartanburg, S. C., Counsel for Respondent,

Counsel for Appellant, in Reply,

March 2, 1944.

MR. ASSOCIATE JUSTICE OXNER delivered the unanimous Opinion of the Court:

Spartanburg County seeks in this action to recover from Charles M. Pace, a former Probate Judge of said County, and the surety on his official bond, certain fees alleged to have been paid to Pace during his term of office by the South Carolina Tax Commission under Section 2489, Code of 1942. The Circuit Court sustained a demurrer interposed by defendants to the complaint, and from this order the County has appealed.

The respondent Pace was Probate Judge of Spartanburg County from January 3, 1939, to March 31, 1942. According to the allegations of the complaint, there was paid to him during this period by the Tax Commission under Section 2489, Code of 1942, the sum of $1,359.23, which appellant seeks to recover with interest. Appellant contends that all fees paid to the Probate Judge of Spartanburg County under this section belong to the County under Section 4770, Code of 1942. Respondents contend that Section 4770 has no application to the fees paid to the Probate Judge of Spartanburg County under Section 2489, and that the Probate Judge is entitled personally to such fees. This is the principal issue raised by the demurrer, which was determined adversely to the County by the lower Court.

Section 2489 is a part of an act imposing inheritance taxes. The original statute was enacted in 1922, 32 St. at Large, p. 800, and became effective February 23, 1922. Under Section 10 of the original act, probate judges are required to send to the Tax Commission copies of certain papers which Section 9 required executors and administrators to file with the Probate Court, and certain fees were allowed probate judges for these services. Sections 9 and 10 were amended in 1924, 33 St. at Large, p. 902, and in 1932, 37

St. at Large, p. 1380, and as so amended are now incorporated in the Code of 1942, as Sections 2488 and 2489.

Section 2488 requires administrators and executors to prepare and file in the Probate Court a statement showing names, ages and addresses of heirs-at-law, or legatees and devisees, of estates administered, and their relationship to decedent. They are also required to file various other papers, including an inventory of the property of every estate on forms prescribed by the Tax Commission.

Section 2489 requires the probate judge to send to the Tax Commission a copy of all statements filed with him by executors and administrators as provided in Section 2488, together with a copy of every will admitted to probate, a copy of the inventory and appraisal of every estate, a copy of every account filed by an executor or administrator, and any other information as to records and files in his office which the Tax Commission may require. This section further imposes a penalty on any probate judge who neglects to perform the duties prescribed therein, and it further provides that "the official bond of such probate judge shall be held liable for all penalties provided for in this section." The following compensation is allowed to probate judges for the services thus required:

"The fees of the probate judge for copies furnished under the provisions of this section shall be ten cents per hundred words, and shall be charged against the estate as other fees allowed to probate judge. And the probate judge, or other judge exercising probate jurisdiction, shall also be paid, in addition to his other fees and salary received by him, fees according to the following schedule for each estate settled:" (Here follows the schedule which is based on a percentage of the tax collected).

"Provided, that when the total fees received by the probate judge under this schedule shall in any one year exceed one thousand dollars, the South Carolina Tax Commission shall retain three-fourths of the excess above $1,000.00 and

shall turn such excess into the general funds of the treasury, that all fees allowed under this schedule shall be paid out of the taxes collected by the South Carolina Tax Commission immediately upon receipt thereof, and the receipt of the officer entitled thereto shall be sufficient voucher of the South Carolina Tax Commission for paying the same."

The other section of the Code which we are called on to construe, Section 4770, was enacted in 1938, 41 St. at Large, p. 5, and became effective October 11, 1938. For convenience, it may be referred to as the Spartanburg County Salary Act. It undertakes to place certain officers of Spartanburg County on a salary basis, which was to be in lieu of all fees, costs, or other emoluments whatsoever. The pertinent parts of this Act are as follows:

"Section 1. That in lieu of all costs, fees, charges or other emoluments whatsoever, the County Auditor, County Treasurer, County Superintendent of Education, Clerk of Court, Sheriff, Probate Judge, Master, Register Mesne Conveyance, County Supervisor and County Probation Officer of Spartanburg County and their successors, and all County Magistrates in said County shall each be paid in full compensation for all work and services rendered in their official capacity, such salaries or compensation as may be prescribed by the General Assembly of this State from time to time, and for which annual appropriations shall be made to cover the same, and for such clerical help or other assistants as may be provided by law, whose compensation shall likewise be annually provided for by the General Assembly.

"2. That the fees, costs and charges now or hereafter to be provided by statute for the offices of Register of Mesne Conveyance, Probate Judge, County Auditor, and County Treasurer, shall be paid in cash by the person obligated to pay the services or work to be rendered, or done, such payments to be made directly to the County Treasurer, who shall write or stamp the amount thereof upon the paper to be recorded, indexed, cancelled or filed or upon some other

appropriate receipt or paper showing the fact of such payment and the amount thereof and the nature of the services rendered or to be rendered. The Probate Judge shall keep a register of all items collected and from what source, including record of marriage licenses. * * * The County Treasurer shall keep an itemized statement of every item so received by him. * * * and all the amounts so paid to and received by the County Treasurer shall go into the County's general funds, as County property. * * *

"3. That the salaries which shall be provided from time to time by the General Assembly for all such officers, clerical help and assistants, shall be payable only upon presentation to and filing with the County Board of Spartanburg County, of duly itemized accounts, sworn to by the claimant or his authorized agent and securing from such County Board of Spartanburg County of warrants upon the County Treasury for the amount of such claim, and that payment of such warrant shall be in full settlement of all charges covered by the period named in the account. All such salaries shall be in lieu of all fees, costs, or other emoluments whatsoever, it being contemplated herein that the salaries provided from time to time for them, shall be in full compensation for all work and services done or rendered by any and all such officers and their clerical help and assistants."

"Section 4 imposes certain penalties upon any person violating the terms of the Act and Section 5 expressly repeals Section 4770, Code 1932, and "all other Acts and parts of Acts inconsistent herewith."

Beginning in 1938, the annual Appropriation Acts for Spartanburg County fixed the salary of the Probate Judge and his assistants. Each of said acts contains the following provision: "The within appropriations to cover salaries of officials shall be in lieu of all fees and costs or other compensation, and all fees and costs collected by each of them shall be turned over by them each month to the County Treasurer

for the benefit of the County as provided by law." 40 St. at Large, p. 2780, § 20; 41 St. at Large, pp. 1488, §§ 18, 2764, § 17; 42 St. at Large, p. 1231, § 17; 43 St. at Large, p. 1055, § 17.

At this point, we may add that in 1922 the General Assembly undertook to place the officers of Spartanburg and some other counties on a salary basis, in lieu of all fees collected by them. 32 St. at Large, p. 910, approved March 24, 1922, Section 4770, Code of 1932. Prior to the ratification in 1935 of the amendment to Article 3, Section 34, of the Constitution, such legislation was unconstitutional. *Salley v. McCoy,* 182 S. C., 249, 189 S. E., 196; *Senn v. Spartanburg County,* 192 S. C., 489, 7 S. E. (2d), 454; and *Foster v. Mallory,* 199 S. C., 144, 18 S. E. (2d), 740. Under the amendment to the Constitution, however, the General Assembly was empowered to enact such legislation and did so as to Spartanburg County by the Act of 1938, now embodied in Section 4770, Code of 1942.

We have given a brief history of the statutes involved so that it may be considered to the extent that it may be of value in the determination of the questions presented.

Before entering into a discussion of the construction of the two sections of the Code which are involved in this controversy, it may be conceded that under Section 2489 additional duties were placed upon the probate judges of the State, but the new duties imposed are connected with matters testamentary and of administration. Respondents concede that the Legislature is empowered to impose such additional duties and may do so without providing additional compensation to such officers. In the case of *State v. Green,* 52 S. C., 520, 30 S. E., 683, it was held that the General Assembly was empowered to impose upon probate judges a new duty of acting as public guardian. The power of the General Assembly to require clerks of court to file, abstract and index in their offices

copies of tax warrants issued by the State Tax Commission, without additional compensation, was recognized in *State et al. v. Wilder,* 198 S. C., 390, 18 S. E. (2d), 324.

■ We think it is also clear that in the discharge of these extra duties the probate judge is acting in his official capacity. His official bond is expressly made liable for all penalties imposed on account of failure, or neglect, to discharge such duties.

While recognizing the power of the General Assembly to deprive the probate judges of the compensation provided in Section 2489, respondents vigorously contend that it has not done so, and that Section 4770 cannot be reasonably construed as taking away these fees from the Probate Judge of Spartanburg County and making them the property of the County.

■ We think it was the clear intention of the General Assembly, by the Salary Act of 1938, Section 4770, Code of 1942, to place the county officers therein named on a salary basis, to relieve them of the obligation to pay their assistants and clerical help, and to deprive them of any further participation in any fees whatsoever. Such salary was to be "in full compensation for all work and services rendered in their official capacity" and "the fees, costs and charges now or hereafter to be provided by statute" for such officers were to be paid to the Treasurer of Spartanburg County. We are unable to see how the language used to evidence such intention could have been made broader, clearer, or more comprehensive. Respondents concede that this Act takes away from the Probate Judge of Spartanburg County all other fees, but contends it should be construed so as to except those provided for in Section 2489. But the Act makes no such exception, and we are not at liberty, by judicial construction, to interpolate in the Act an exception which the General Assembly has not seen fit to make. Had the General Assembly so intended, it is

reasonable to assume that it would have done so in appropriate language. In some of the acts placing county officers in some of the other counties on a salary basis, certain fees were excepted, Sections 4830-5 and 4906, Code of 1942. But the Salary Act in controversy makes no exception whatsoever as to any of the fees which were theretofore allowed by law to the Probate Judge of Spartanburg County, but, on the contrary, by clear and comprehensive language excludes him from all fees whatsoever which are received by him in his official capacity. And unquestionably the fees in controversy were received by him in his official capacity.

Respondents contend that the services rendered under Section 2489 are not among the usual and ordinary duties performed by a probate judge, but are extraordinary duties rendered to the State, for which the General Assembly intended to provide special compensation. Respondents say that the fees taken away by Section 4770 were those covering the usual and ordinary duties performed by a probate judge and are enumerated in Section 4946-1, Code of 1942.

It is true that the services involved are rendered to the State as a part of the machinery for the collection of inheritance taxes, but there are many instances in which the service rendered by and required of a county officer is one for the benefit of the state, rather than the county. The duties enumerated in the *Wilder case,* 198 S. C., 390, 18 S. E. (2d), 324, heretofore adverted to, were services rendered in the collection of indirect taxes going to the state. Moreover, in the case of *Hudson v. Pickens County,* 190 S. C., 490, 3 S. E. (2d), 603, this Court declined to recognize in the work of a county officer any distinction between the performance of functions in behalf of the state and other duties.

The contention that Section 4770 only applies to the fees enumerated in Section 4946-1 is untenable. The last-named section was not passed until 1940,

Section 4946-1 only revised certain fees and costs in Spartanburg County which were already provided for. But that section does not include all of the services which respondents concede the Probate Judge was required to render, the cost of which went to the county. For instance, this section makes no reference to the fees for selling land in aid of assets, which are still covered by a general statute, Section 9008, Code of 1942, or to marriage licenses.

Respondents place considerable emphasis, and so did the learned Circuit Judge, on the portion of Section 2489 wherein it is provided that the fees in the schedule named shall be paid to the probate judge, "in addition to his other fees and salary received by him." The argument is made that the quoted language contemplates that such probate judge receives whatever salary is fixed by the General Assembly, and the fees on the schedule are in addition thereto. But this apparent ambiguity disappears and the various statutes are easily reconciled when we consider the several methods by which the probate judges were, and are now, compensated.

When Section 2489 was enacted, some probate judges were on a fee basis entirely and personally paid for their clerical assistance, while others received a small salary in addition to the fees allowed by law. So that the quoted phrase in Section 2489 clearly indicates that the fees in said section were to be in addition to any other fees and salary. Since the constitutional amendment of 1935, in some of the counties, including Spartanburg County, the probate judges receive no fees and are entirely on a salary; in others, no salary act has ever been passed since such amendment and the probate judges continue to personally receive the fees allowed by law, as they did prior to the 1935 amendment; and in still other counties the probate judges now receive a salary and also the fees provided by statute.

Thus reconciled, Section 2489 means: (1) In those counties which have no salary act, and where no salary whatever is provided, the use of the word "salary" in this section has no application, and the probate judge continues to receive the fees under Section 2489; (2) in those counties which have no salary act, but the probate judge is allowed a small salary in addition to the fees, such probate judges are entitled to receive the fees under Section 2489, "in addition to his other fees and salary, and (3) in those counties, such as Spartanburg County, which have placed the probate judge entirely on a salary basis, the salary is in full, and the use of the words "in addition to his other fees and salary" has no application.

If the view of respondents were adopted, we could not give full application to the phrase, "in addition to his other fees and salary," because it is conceded that the Probate Judge of Spartanburg County is entitled to no other fees.

Our attention is called to the fact that the fees covered by the Spartanburg County Salary Act are required to be paid "in cash by the pe·son obligated to pay for the services or work to be rendered, or done, such payments to be made directly to the county treasurer." It is said that this requirement negatives the idea that the Salary Act applies to the fees under Section 2489, as the latter are paid to the probate judges by public voucher. This same argument could be advanced as to the fees of the probate judge for selling land in aid of assets, Section 9008, Code of 1942, and as to the compensation for handling estates under $500.00, Section 9028, Code of 1942, which respondents concede are received by the Probate Judge and belong to the County under the Salary Act. The quoted portion of the Act relates only to the manner of payment of the fees and not to the right to such fees. It must be remembered that Section 2489 is a general, statewide statute imposing and regulating the collection of inheritance taxes, while Section 4770 is a special statute, applicable only to

Spartanburg County, having for its sole object the placing of the officers therein named on a salary basis and turning the fees over to the County.

Respondents further contend that Section 2489 places a ceiling on the amount of fees a probate judge may receive in a given year and imposes a penalty by which the fees are forfeited, if the probate judge does not perform the duties therein required. It is urged that this shows a legislative intention that the probate judge should personally receive these fees. What we have just said as to this section being a general law is applicable to this contention. As has already been pointed out, there are certain counties in the state where the probate judges still receive the fees allowed under Section 2489, and these general provisions are still applicable to them.

Finally, respondents contend that Section 4770 is only a re-enactment of Section 4770, Code of 1932, and that the latter section is the old Spartanburg County Salary Act of 1922. In view of the fact that the 1938 Salary Act expressly repeals Section 4770 of the 1932 Code, which was held to be unconstitutional, we think this contention is untenable. But if the 1938 Salary Act is considered as if passed at the 1922 session of the General Assembly, which enacted the Inheritance Tax Law, we think the same result would follow. In either case, it was the clear intention of the General Assembly to take away all fees from the officers of Spartanburg County and it is a fundamental rule of construction of statutes that the Court should ascertain the real intention of the Legislature. *State v. Brown,* 154 S. C., 55, 151 S. E., 218. The primary purpose of the General Assembly in passing the Inheritance Tax Law was the imposition of the tax and setting up machinery for its collection and enforcement. The sole object of the Salary Act was to transfer all fees received by the officers therein named to the County and this is a special statute relating solely to Spartanburg County. In case of conflict between

the two, the general rule is that the special statute must prevail. *Truesdell v. Johnson,* 144 S. C., 188, 142 S. E., 343.

The respondents also demurred to the complaint on the ground of defect of parties. The learned Circuit Judge overruled this ground, but it is now urged by respondents as an additional ground for sustaining the demurrer. It is contended that any liability in this case rests upon the Tax Commission and that the action would lie only against it as the real party in interest, and could not be brought against respondents. From the conclusion we have reached, it results that it was the duty of the Probate Judge to turn these fees over to the Treasurer of Spartanburg County, and if the allegations of the complaint are true, he now has in his hands these funds which belong to the County. Clearly, the action would lie against him. The Tax Commission is certainly not a necessary party to the determination of the issues involved and has not asked to be made a party. The learned Circuit Judge was correct in overruling the demurrer on this ground.

In conclusion, we think it should be stated that respondent Pace acted in the utmost good faith in retaining these fees. It appears that the counsel for the Tax Commission concluded that these fees belonged to the probate judges personally and so advised the salaried probate judges when they requested his opinion. A similar opinion seems to have been rendered in 1937 by a private attorney of outstanding prominence and ability in response to a request from one of the salaried probate judges. In so far as it applies to the Spartanburg County Salary Act, we are not in accord with the conclusion reached by these distinguished members of the Bar. Of course, we are not undertaking to consider any other salary act. In fairness to the Probate Judge in this case, we mention this to show that he was not acting arbitrarily in withholding these fees.

All grounds of the demurrer should have been overruled. The judgment sustaining same is reversed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES concur.

MR. ASSOCIATE JUSTICE TAYLOR did not participate.