## 13306

STATE *EX REL.* DANIEL, ATTY. GEN., v. BROAD RIVER POWER CO. *ET AL.*

(162 S. E., 74)

(See also 157 S. C., 1, 153 S. E., 537.)

210

212

214

215

216

218

219

222

224

225

226

230

231

232

234

240

242

246

250

251

*Messrs. Christie Benet, Melton & Belser, Irvine F. Belser, Harry N. Edmunds, C. T. Graydon* and *Nelson & Mullins,* for petitioners,

*Messrs. Haynsworth & Haynsworth* and *Elliott, Mc-Lain, Wardlaw & Elliott,* for respondents,

December 23, 1931.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BLEASE.

The report of the special referee, L. W. Perrin, Esq., in this cause, shows that he very carefully and painstakingly went thoroughly into all the issues and matters, both as to the law and the facts involved, many of which are not only important, but are of new and novel impression. We have considered with the report the voluminous record submitted

to the Court, and have read with care the testimony of the witnesses. It happens, too, as the referee stated in the report, that the members of this Court are quite familiar with the matters of fact pertaining to the questions for determination. The report of the referee and the "Statement of Facts," set forth in the transcript of record, beginning at page 20, referred to by the referee, give all the necessary facts, and they will be reported.

To the referee's report, both the petitioners and the respondents have excepted. In this opinion, we shall refer to them as petitioners and respondents, not using the usual terms of appellants and respondents.

We take up first some of the exceptions of the respondents.

As to subdivision (a) of the respondents' first exception, we agree with them that the referee should not have allowed the claim in the sum of $25.00 for money advanced to J. C. Oxner, Esq., by the Attorney General for services in examining records in the preparation of the case. Mr. Oxner, it appears, was employed by Messrs. Melton & Belser, associate counsel with the Attorney General, on a salary basis; the work he did was performed, however, out of his regular office hours. The records examined by him, though, were for the purpose of a hearing before the Railroad Commission, long prior to the institution of this suit. This Court is of the opinion that the counsel who engaged Mr. Oxner should remunerate him for his legal services, and we see no basis for the charging of this particular item to the respondents.

What we have said as to the claim of Mr. Oxner also applies very much as to the sum of $60.00 advanced to Mr. Thornwell McMaster, an engineer, for examining records, referred to in Subdivision (b) of respondents' first exception. The attorneys in charge of a cause are expected to attend to the matter of examining records, and expenses for that class of work should be taken into ac-

count in fixing their fees. If Mr. McMaster has a claim, we think it is against the attorneys and not against the respondents here.

We also sustain Subdivision (c) of Exception 1 as to the sum of $947.17, paid by petitioners' counsel, after issue of the writ herein, to Legare Engineering Company for making examinations and reports as to the street railway system to those attorneys. The Court appointed a board of engineers to supervise the rehabilitation of the street railway system in the City of Columbia, which was consented to by both the petitioners and respondents, and it was provided that the respondents should pay the expenses of such engineers, and they, it appears, have been complying with the order of this Court. The petitioners did not have the consent or authority of the Court to employ Legare Engineering Company, and no request was made of the Court for their employment. The main petitioner, the City of Columbia, had in its regular employ a city engineer, who is charged with many duties regarding the construction of the street railway lines, and petitioners had the right to call upon him for such examinations and reports as they needed.

Regarding the three items mentioned above, the petitioners took the position that the respondents should not now be allowed to object to them, for the reason that the respondents had waived objection to two somewhat similar items. We cannot agree with this position. Because the respondents were liberal enough to agree to some items of expense claimed by the petitioners, which they may have questioned, is not good reason for holding that they should be estopped from objecting to other items.

In connection with the exceptions of the respondents to the allowance of $125,000.00 by the referee as a fee to petitioners' attorneys, we have considered also the one exception of the petitioners alleging error on the part of the referee in not allowing petitioners' counsel a fee of $250,000.00.

It is to be observed that nobody seems to be pleased as to the amount of fees allowed by the referee; the petitioners being of the opinion that they were allowed just half enough, while the respondents think they were allowed entirely too much, if entitled to anything at all.

While fully agreeing with the referee that petitioners' counsel are entitled to a reasonable fee for the very arduous, valuable, beneficial, and successful services rendered by them in the cause, we think this Court is limited in fixing such fees to the services rendered by the counsel in the Courts of this State. We know of no authority which would permit this Court to fix fees for attorneys for services in a cause in any of the Courts of the United States, the Supreme Court, the Circuit Court of Appeals, or in the District Court. To that extent we must disagree with the conclusion of the referee, which, apparently, he somewhat doubted, that petitioners' counsel might be entitled from this Court to compensation for their services in the bankruptcy proceedings in the United States District Court and the Circuit Court of Appeals. If counsel are entitled to any fees for services in any Court of the United States, they must make proper application to that Court for the allowance. In considering the exceptions referred to, and in fixing the fee which we think is reasonable and proper, we do not regard any services rendered by petitioners' counsel in any Court of the United States, confining our examination and determination entirely to such services as were performed in the Courts of the State of South Carolina.

We do not deem it at all necessary to go fully and with detail into all the matters and things which we have considered in passing upon the allowance of the proper amount to be paid counsel for the petitioners in the cause. We have considered this important matter from almost every conceivable angle, and have taken into due consideration the helpful testimony of the witnesses, honorable gentlemen of the bar, well acquainted with proper compensa-

tion to be paid counsel, who testified, as well as the views of the very fair and capable referee. We have resorted also, as it was proper for us to do, to our own knowledge and experience as former practitioners, as well as to our general information obtained as members of this Court, as to proper compensation to be paid to attorneys for their services. It happens that the members of the Court are well acquainted with the work performed by petitioners' counsel in this cause, much of which was rendered in this Court during the long pendency of this important litigation. Naturally, we are in sympathy with the view that petitioners' counsel should be well compensated for their services, because, without doubt, they performed their duties to their clients, to this Court, and to the public at large in a most diligent and able manner. We must, however, consider the rights of the respondents. And, while their conduct in seeking to get rid of their contracts with the petitioners and the people should by no means be commended, we feel that they are now seeking to make amends for the high-handed manner in which they formerly sought to disregard the rights of the people who had given them public service franchises. This Court should have in mind also the fact that, in fixing counsel fees in this matter, we are making a precedent and guide, which not only this Court, but other Courts in this State, may be asked to follow. The interests of the people who have litigation in our Courts, as well as attorneys who appear in such litigation, must be regarded. On the one hand, while we have a feeling that faithful lawyers are entitled to fair compensation for their services, on the other hand, it is our duty, not only to the members of the bar generally, but to the public as well, to see that attorney's fees are not unconscionable. We are frank to say that, if we commit an error, we prefer to have it said that the fee we fixed was too low, rather than for any proper person to honestly feel we had made it too high. After due consideration of everything occurring to us, we have reached the conclusion, and so determine, that the fee for the peti-

tioners' counsel should be, and is fixed at, the sum of $60,-000.00 and to that extent the report of the referee is modified.

The exceptions of the respondents, not specifically referred to by us, question only the correctness of the conclusion of the referee that the petitioners' counsel are entitled to attorney's fees. We have not deemed it necessary to go into these, as we fully agree with the referee's conclusions, except as modified herein. All the exceptions, not specially mentioned, are overruled.

In the report of the referee, he referred to a claim filed with him by Mr. Thornwell McMaster in the sum of $2,-890.00, for services rendered as an engineer during the litigation involved in this cause and the testimony taken in support of the claim. So far as the record discloses, it appears that neither the petitioners nor the respondents knew of this claim until it was filed with the referee. The matter had not before that time been presented to this Court. The claim of Mr. McMaster was not referred to in the petition of the petitioners or in the itemized expense account filed by them with the referee, pursuant to the order of the Court. After the referee filed his report, Mr. McMaster, through his counsel, Barnard B. Evans, Esq., gave notice to the attorneys for the respondents that he would move this Court for an order allowing the Clerk to tax and assess against the respondents as costs and disbursements the amount of the claim of Mr. McMaster. In due time, the Court heard Mr. McMaster's counsel and the attorneys for the respondents as to the allowance of this claim. On examination, we find no basis for allowing the claim. Mr. McMaster was not employed under the order of the Court, or with the Court's consent, or with the consent of the parties in the cause, so far as the record here shows. If he rendered any service to the petitioners, they may be responsible to him, and, since the petitioners have not claimed any reimbursement for his services, we do not see how this Court can give any regard to the matter. This claim,

as the other claim of Mr. McMaster, to which reference has already been made, is not a proper allowance as damages against the respondents, under the order of the Court. As to any and all claims of Mr. McMaster, we express no opinion as to whether or not they should be paid by the petitioners or petitioners' counsel. Those matters are not now before the Court, and what we have said is not to be taken as an indication of any opinion we may have. What we do say is stated with the purpose mainly of not precluding Mr. McMaster in asserting any claim he may have. We dismiss, however, without prejudice to any of the parties, the motion of his counsel mentioned heretofore.

The judgment of this Court is that the report of the referee, as modified herein, be, and the same is hereby, affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.

MR. JUSTICE COTHRAN did not participate on account of illness.