13419

STATE *EX REL.* DANIEL, ATTY. GEN., v. BROAD RIVER POWER CO. *ET AL.*

EX PARTE BROAD RIVER POWER CO. *ET AL.*

(164 S. E., 637)

*Messrs. Haynsworth & Haynsworth* and *Elliott, Mc-Lain, Wardlaw & Elliott* for the motion. .

*Messrs. John M. Daniel, Attorney General,* and *Irvine F. Belser, contra.*

May 31, 1932.

Per Curiam.

By notice dated April 5, 1932, served on April 6, 1932, the respondents herein gave notice to the petitioner, Hon. John M. Daniel, the Attorney General, the attorneys for the intervening petitioners, and the attorney for the City of Columbia, that they would move this Court on the first day of the April term, or as soon thereafter as counsel could be heard, for an order "(1) directing the clerk to enter satisfaction of the judgment heretofore rendered for services, damages and costs; and (2) ending the case and striking the same from the calendar of the Court."

At the April term the noticed motion was heard. The attorney for the City of Columbia, appearing in response to the notice, did not object to the granting of the motion. The Attorney General, and some of the attorneys for the intervening petitioners, interposed oral objection to the granting of the motion, the grounds of such objections being hereinafter stated.

Upon consideration of the motion, and the oral objections thereto, this Court, in a *per curiam* order, dated April 15, 1932, ordered:

"That all interested parties who contend the orders heretofore issued by the Court in this matter have not been complied with by the respondent companies, file with the Clerk of this Court, within fifteen (15) days from date hereof their written complaint, setting forth in what manner and in what particulars the said companies have failed to comply with the orders of the Court heretofore issued in this matter; and that they serve copies of such complaint or complaints upon counsel for the respondent companies, who shall make return thereto within five (5) days, filing such return with the Clerk of this Court, and serve copies thereof upon the Attorney General and all other counsel of record.

"It is further ordered, that the matter be set down for hearing on the first day of the next term of this Court, Monday, May the 9th, at 10 o'clock, a. m."

In compliance with the terms of the Court's order, the petitioner, the Attorney General, filed his written objections to the granting of the order requested by the respondents for the dismissal of the cause, on the ground "that the equipment and service being furnished today and since service has been restored in Columbia and surrounding municipalities and communities is not adequate and satisfactory" for reasons then stated. Without setting out in full the reasons stated, it is sufficient to say that it was alleged that the street cars used in the transportation system are unsatisfactory and in bad condition, that they leak and have flat wheels, that they are uncomfortable and dangerous, and that new street cars should be required in the transportation system.

In addition to the objections filed by the Attorney General, some of the intervening petitioners, and many residents of Columbia and adjacent municipalities, filed written objections to the order requested by the respondents, in most instances the grounds being the same as those urged by the Attorney General.

To the objections interposed to the granting of the order, the respondents, companies, made reply, and alleged, in ef-

fect, that the reconstruction and rehabilitation of the street railway system and its equipment had been made under the direction and supervision, and .with the approval, of the board of engineers appointed by this Court, and that all the orders of the Court and the directions of the board of engineers, had been complied with.

This litigation has lasted a long time, and in some way or other it has been in many Courts, and on at least two occasions to the Supreme Court of the United States. It commenced in this Court on July 19, 1927. Its history from that time on, until December 16, 1931, is related in the report of the decision of this Court on some important matters involved, in 164 S. C., 208, 162 S. E., 74.

In a judgment of this Court, rendered July 9, 1929, found in 157 S. C., 1, 153 S. E., 537, 541, which was affirmed by the United States Supreme Court (281 U. S., 537, 50 S. Ct., 401, 74 L. Ed., 1023), we granted the prayer of the petitioner and the intervening petitioners that a writ of mandamus be issued, requiring and compelling the respondents "to reinstate and resume the operation of their" .electric railway system, and directed them "to furnish and to maintain adequate and satisfactory street car service thereon in the City of Columbia and its environs permanently in accordance with the requirements of their charters, contracts and provisions of law applicable thereto." Pursuant to that judgment, thereafter the Court appointed a board of engineers, nominated by the petitioners, whose selection was approved by the respondents, to supervise and direct the rehabilitation and reconstruction of the street car system of the respondents in and about the City of Columbia. Soon after the petitioners gained their desired victory, and it became clear that the respondents had to restore and operate their street railway system, many interested persons, among them officials of the City of Columbia, became of the opinion that it would be better for the City of Columbia and its environs to have a bus transportation system rather than a street railway

system. From time to time, at the instance of one or more of the parties, the Court permitted the substitution of buses for some of the street car lines. In reports submitted by the board of engineers, it was shown that electrically operated street cars were fast going out of use in cities the size of Columbia, and that buses were being substituted therefor. One of the main difficulties in carrying out the orders and directions of the Court has been due to the difference of opinion, and the desires of interested parties, public officials of the City of Columbia and citizens of Columbia, and smaller municipalities adjacent thereto, as to the preferability of street cars and buses. Many people have been anxious for this Court to require the respondents, companies, to operate street cars and nothing else, while many other people have wished the Court to allow the respondents, companies, to operate buses in lieu of street cars. The respondents, companies, and the representatives of the City of Columbia, and a majority of the board of engineers, have indicated from time to time that a system of bus transportation would be much more satisfactory than a system of street car transportation. The Attorney General has consistently opposed the substitution of buses for street cars, and in this he has been supported by many residents of communities suburban to the City of Columbia.

Some months ago, a majority of the board of engineers, appointed by the Court, submitted their report to the effect that the respondents, companies, had complied with the orders of the Court, and the board announced that their services were no longer necessary. To some matters reported by the board, one of the members dissented, his dissent, however, being based mainly upon his construction of the language of the order of the Court, under which the board was authorized to proceed. In very many important matters as to the rehabilitation of the street car system, and as to the operation of the street cars and buses allowed to be substituted for street cars by the Court, the board was

unanimous in its findings. The board of engineers was relieved of further duties by the Court and its members compensated for their services by the respondents, companies, as per an order of the Court.

The costs and expenses of the action and all attorneys' fees, directed by the Court to be paid by the respondents, have been paid in full by them.

From time to time, and at almost every recent session of this Court, some party interested in this litigation, in some way or other, is before the Court as to some incidental matter connected therewith, or thought to be in some way related thereto. Most of these matters—in fact all of them now occurring to us—relate to where street railway lines should be run, where buses should be operated, the condition of street cars, street car tracks, and buses, and schedules of street cars and buses. The Court, time after time, has listened to complaints along the lines indicated, and before the board of engineers, appointed by the Court, was discharged, these matters were usually referred to that board. The Court, with a desire, and in its efforts to see that its orders were carried out, has, in some respects, performed duties not ordinarily incumbent upon it, duties which should be discharged by the Railroad Commission of South Carolina, a body charged especially, under the law, with the performance of such duties.

The Court is of the opinion that it is no longer necessary for this litigation to be continued here. We think that all the matters complained of, and urged as grounds for objection to the dismissal of the suit in this Court, relate incidentally to the operation of the transportation system, which the respondents, companies, are bound to furnish, under the decision of this Court, to the City of Columbia and its environs, and that all these matters may be properly considered, acted upon, and decided by the Railroad Commission of South Carolina. That commission, under the law, is charged with the supervision of street railway companies.

Section 8501 of the Code of 1932, a part of the Act of the General Assembly of 1920 (31 Stats. 742), forbids a street car company from operating a car with a flat wheel, broken window, or leaky roof or side. Under that section, all corporations operating electric railways are required to keep their cars convenient, comfortable, and clean, and the Railroad Commission is charged with the enforcement of the law, and any street railway company is subject to penalties for violation of its terms. In the return of some of the petitioners, wherein objection is made to a dismissal of the suit in this Court, a part of the prayer made is "that the question of the condition of the cars be referred to the Railroad Commission or other suitable referees." It seems, therefore, that the petitioners themselves recognize that the Railroad Commission is probably the proper body to which many of the objections, interposed by them, should be referred.

It seems unnecessary for the Court to say that it will be the duty of the Railroad Commission to carry out the order of the Court. To repeat, that order was to the effect that the respondents, companies, should comply "with the requiremens of their charters, contracts and provisions of law applicable thereto." Any person interested, under the law, will have at any time the right and privilege to apply to the Railroad Commission for relief, if the respondents, companies, in any way fail to perform their duty to the public.

It is therefore ordered and adjudged that the motion of the respondents be, and the same is hereby, granted; that the clerk enter satisfaction of the judgment in this cause, heretofore rendered; and that the cause be marked ended on the calendar of this Court.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE CARTER concurs in result.