14586

WEBSTER v. WILLIAMS, COLLECTOR OF DELINQUENT TAXES, *ET AL.*

(194 S. E., 330)

*Messrs. Adam H. Moss* and *James A. Moss,* for appellants, cite:

*Mr. C. E. Summers,* for respondent, cites:

December 14, 1937.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The respondent, plaintiff below, commenced her action on March 2, 1936, in the Court of Common Pleas for Orangeburg County for the recovery of certain penalties paid under protest, and collected by appellants under the guise of a tax.

These penalties were levied and collected under and by virtue of Acts Nos. 886 and 896 of the Acts of the General Assembly for 1932, 37 St. at Large, pp. 1539, 1560, and Act No. 401 of the Acts of the General Assembly for 1933, 38 St. at Large, p. 561, which undertake to add one per cent. per month to all delinquent taxes, in addition to the

fees and penalties provided by the general law, after the same have been placed in execution. The contention of respondent was that the Acts are unconstitutional in the particulars set out in the complaint and raised by the pleadings.

The matter came on to be heard before Judge Mann upon an agreed statement of facts and he made an order holding that the charges in question were taxes, and as such did not violate the provisions of the Constitution of South Carolina and the United States in any of the particulars charged; whereupon, he ordered that the summons and complaint be dismissed.

Judgment was duly entered upon the aforesaid order, and the respondent appealed to this Court. In due time this Court handed down its opinion, wherein it reversed Judge Mann and held that the charges in question were penalties levied in violation of Article 3, § 34, Subsec. 9, of the Constitution of South Carolina, and remanded the case to the Court of Common Pleas. *Webster v. Williams, Tax Collector,* 183 S. C., 368, 191 S. E., 51, 111 A. L. R., 1348.

Immediately upon the filing of the remittitur in the office of the Clerk of Court for Orangeburg County, the appellants, defendants below, gave notice of a motion to dismiss the proceedings upon the ground that the Court of Common Pleas was without jurisdiction of the cause or subject of the action. Immediately following the service of the notice of the aforesaid motion, respondent served notice of a motion for an order certifying the record. By agreement, the two foregoing motions were heard together by Judge Mann, who made an order, dated June 2, 1937, overruling appellant's motion to dismiss and granting respondent's motion for an order certifying the record. From this order, an appeal is taken to this Court, raising the single question of jurisdiction.

In the order of Judge Mann, from which the first appeal to this Court was taken, appears the following statement: "Any other view would deprive this Court of jurisdiction;

for, if this one (1%) per cent. interest charge is not a tax, this case would necessarily resolve itself into an action for the recovery of a fine or penalty levied under the police power for the failure of a citizen to perform a civic duty. This action could not then be brought under Sections 2845-2852 of the Code of 1932, and this Court knows of no statute authorizing such a suit. Without a specific enabling Act, no such action can be maintained."

Appellants, in printed brief, confine their argument to the single position that, respondent having failed to except to the foregoing statement in the first order, right or wrong, it became the law of this case under the doctrine announced in *Wilson v. Dove,* 118 S. C., 256, 110 S. E., 390, and that the summons and complaint should have been dismissed as a matter of course as soon as it was called to the Court's attention that the charges sought to be recovered in this action were declared to be penalties by this Court upon the former appeal.

The question if the Court of Common Pleas was without jurisdiction of the cause or subject of the action is raised by appellants for the first time after the remittitur in *Webster v. Williams, supra,* was sent down, and was not before the Circuit Judge when he made the first order. The sole question then before him was the constitutionality of the statutes referred to in the second paragraph of this opinion.

The statement above quoted appearing in the first order of Judge Mann was *obiter,* and it was unnecessary that an appeal be taken therefrom. And on the first appeal this Court so treated said statement. While both the Circuit Judge and this Court went rather fully into the question if the one per cent. per month provided for in the Acts being considered to be added to taxes in execution was a tax or a penalty, such discussion and conclusion reached thereabout was merely incidental to passing upon the constitutionality of that portion of the Acts.

The excerpt from the first order of Judge Mann with reference to the jurisdiction of the Court, hereinbefore set forth, was the only reference thereto in the record when the case was before this Court, but the record showed that appellants (respondents then) had submitted to the jurisdiction of the Court of Common Pleas by answering without raising such question.

When neither side in the first appeal made any reference to the statement in the Circuit Court order that the suit would not be maintainable if the Court should declare that the one per cent. per month provided for in the statute is a penalty, they recognized that such statement was *obiter dictum*.

The statement of "Questions" presented in the briefs of counsel on the first appeal, and the expressed limitations in the opinion of this Court, show the recognition by counsel and Court alike that the case involved solely and primarily the constitutionality of the local Act before the Court, so that it was recognized that, if such Act were held to be valid, the case would be at an end for all practical purpose, while, if it were held to be invalid, the only question left for decision would be the right to a method of recovery of the money unlawfully exacted, and these questions were expressly left open by this Court.

The Circuit Judge in his order in the first case predicated it entirely upon the constitutionality of the local Act in question. The order clearly shows that the language upon which appellants here rely had reference to the view of the Circuit Judge that the Act was a constitutional enactment. The reversal of this view left nothing of the Circuit Court order which could be considered the law of the case in further proceedings.

If we were to follow the viewpoint of appellants, then the former opinion of the Court in this case amounted to no more than a declaratory judgment with reference to the constitutionality of a statute, a type of judgment which this

Court has always refused to make. We say this because the effect of appellants' contention is that the present suit is not maintainable, under the quoted portion of the decree below, regardless of what decision was made in the first appeal.

We now come to the only question before the Court in the present appeal.

Can an action be maintained in the Court of Common Pleas for the recovery of the penalties unlawfully collected by appellants in connection with the collection of taxes in execution under Sections 2846-2852 of the Code? Stated in another way, does the word "taxes" as used in said sections of the Code include costs and penalties?

We are constrained to agree with the statement contained in respondent's brief, that "there would not be a penalty imposed if no tax were levied, and to hold that one could recover an illegal tax collected, yet could not recover an illegal penalty collected would be a strained interpretation of the Statute, and a seeking for a technical blind behind which to hide justice."

Section 2845 provides that the collection of taxes shall not be stayed by process of Court. Section 2846 sets forth the procedure to be followed in case it is claimed that the taxes sought to be collected are illegal. Section 2847 provides that: "There shall be no other remedy in any case of the illegal or wrongful collection of taxes * * * than that herein provided." Section 2851 is as follows: "In any action or proceeding against any county treasurer in this State, for the purpose of recovering any property or money alleged to have been erroneously or illegally assessed and collected as taxes, assessments, or penalties, unless the party bringing such action or proceeding shall make it appear that a notice in writing of the claim on which such suit may be brought was given to said Treasurer in pursuance of Section 2846, and unless it shall be made to appear that said treasurer has proceeded contrary to the provisions of this chapter, the

amount recovered in such suit shall not exceed the value of the property or money aforesaid."

Without the aid of the wording of this section, we would say that the word taxes as used in the statutes, providing taxpayers with a charted course to pursue where the taxpayer claims that the taxes sought to be collected are illegal, necessarily would include any costs and penalties attaching thereto. But, when Section 2851 specifically refers to an action against county treasurers for the recovery of money erroneously or illegally assessed and collected as "taxes, assessments, or penalties," and also refers to Section 2846, which sets out the procedure to be followed, as above stated, there can be no doubt that the Legislature intended that the word "taxes" as used in the statutes embraced penalties charged in connection with such taxes.

Appellants have expressed no disapproval of the method of procedure adopted by respondent to enforce the collection of the sums of money which the Courts have held she was illegally forced to pay to appellants, if the Court of Common Pleas has jurisdiction, and this question is therefore not before the Court.

We affirm the order appealed from on the ground that the Court of Common Pleas has jurisdiction of the cause or subject of the action under the provisions of the Code, reference to which sections have been herein made.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.