15159

SOUTH CAROLINA TAX COMMISSION v. MOSS, SHERIFF
*ET AL.*

(11 S. E. (2d), 442)

July, 1940.

*Messrs. John M. Daniel, Attorney General* and *Claude K. Wingate,* for petitioners,

*Mr. R. B. Hildebrand,* for respondent.

November 12, 1940.

It appears from the petition herein that a quantity of alcoholic liquors was seized in York County during the year 1939, and as required by law was taken charge of by C. A. Moss as sheriff of that county, and was afterwards sold by him for the sum of $1,700.00, and that the sheriff "intends to, or has, turned over the proceeds of said sale to W. D. Thomasson, treasurer of York County, to be placed to the credit of the York County general fund," purporting to act under the authority of Section 5-A of Act No. 1342, approved June 10, 1940, the same being the York County Supply Act, this section being as follows: "The Sheriff is hereby authorized and directed to sell at public auction as soon as practical, to the best advantage of York County, a quantity of liquors seized in Fort Mill Township on a raid during the year, 1939, also two automobiles seized on the same raid, and deposit the money received from the sale with the county treasurer to the credit of the general county fund."

The section above quoted is, as indicated, a part of the Annual Supply or Appropriation Act for York County for the year 1940, and is in no wise general in its terms, but relates solely to this particular seizure and sale of liquors, etc., whereas, the matter of the disposal of the proceeds of sale of contraband liquors is fully covered in and by Section

17 of the general law relating to alcoholic liquors approved May 14, 1935, Acts 1935, No. 232, 39 St. at Large, 325, 335, the pertinent portion of this Section 17 being as follows: "The proceeds of sale for any alcoholic liquors sold hereunder shall be immediately turned over to the Tax Commission to be thereafter turned over to the State Treasury, as other funds collected by said Commission: *Provided,* That the cost of confiscation and sale shall be paid out of the proceeds derived from such sale before making remittance to the Tax Commission." (While this Act has been amended in certain respects, Section 17 remains unchanged.)

The petition herein seeks for an order requiring the respondents as officers of York County to remit the proceeds of the sale aforesaid to the South Carolina Tax Commission, and that in the meantime they be restrained from otherwise disposing thereof. Upon this petition, which was duly verified, the Chief Justice issued a rule to show cause requiring, in effect, the respondents to show cause why the prayer of the petition should not be granted, and restraining them from disposing of the proceeds of sale mentioned pending the hearing of the cause on the merits.

No return was made to the rule to show cause, but counsel for the York County officers' appeared upon the return day at the bar of this Court and stated with commendable frankness that no return had been made or would be made, for the reason that in their .opinion the section in question contained in the York County Annual Appropriation Act, being obviously special legislation, could not be sustained as a valid provision and indeed it appears beyond question that the same is special legislation in violation of Section 34, Article III of the Constitution, which provides, among other things, that where a general law can be made applicable no special law shall be enacted. We can conceive of no reason why a general law on a matter of this kind could not be made applicable, and indeed there is such a general law which has been in force for a number of years. Citation

of authority appears unnecessary, but reference may be had to the case of *Webster v. Williams,* 183 S. C., 368, 191 S. E., 51, 111 A. L. R., 1348, wherein will be found an exposition of the governing principles. It is, therefore,

Ordered, that the respondents, C. A. Moss and W. D. Thomasson, as sheriff and treasurer, respectively, of York County be, and they are hereby, required and directed to remit the proceeds of the sale of alcoholic liquors referred to in the petition herein to the South Carolina Tax Commission, pursuant in all respects to the provisions of Section 17 of Act No. 232 of the Acts of 1935, to which reference has hereinbefore been made.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER, FISHBURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.