15812

ANDERSON *ET AL.* v. PAGE *ET AL.*

(37 S. E. (2d), 289)

*Messrs. Daniel & Russell,* of Spartanburg, Counsel for Appellant,

*Mr. Thomas. B. Butler,* of Spartanburg, Counsel for Respondents,

March 7, 1946.

Mr. Associate Justice Stukes delivered the unanimous Opinion of the Court.

Appellants are the executors, trustees and beneficiaries of the will of a wealthy deceased resident of Spartanburg and the estate was administered in the probate court of that county.

The settlement of the estate is subject to the fees and costs provided by the terms of Sec. 4946 of the Code of 1942. Sub-sec. (4) provides, in addition to the previously scheduled fees, the following:

"When the personal property of an estate is in excess of $1,000.00, for the first $500.00 in excess thereof there shall be added to the amount chargeable for final or partial settlement the sum of $1.00; and, for the next $500.00 there shall be added the additional sum of $1.00. Above $2,000.00, and in addition to the sum of $2.00 for the excess of $1,-000.00, there shall be added the sum of $1.00 for each $1,-000.00."

Appellants resisted payment of this charge or cost which amounted in the case of this estate to $844.00. The lower court overruled their objections and they appeal upon the grounds that the statute (enacted in 1940, 41 Stat. 1697), is violative of the state constitution of 1895, as follows: Article III, Sec. 34, sub-division 9, in that it is a special law where a general law can be made applicable and also because it is in effect a local inheritance tax law whereas there is a general one in force; Article X, Sec. 1, because it levies a

tax which is not uniform in its application; Article X, sections 3 and 6, because it is a tax levy without stated purpose; Article I, Sec. 5, because it denies equal protection of the laws and makes an unreasonable and arbitrary classification of Spartanburg County estates; Article I, Sec. 5 again, because it is a deprivation of the property of Spartanburg County estates without due process of law; and the "equal protection" and "due process" clauses of the Fourteenth Amendment of the Federal constitution are also cited in connection with the corresponding provisions of our state constitution, contained in Sec. 5, Article I, of the latter.

This is a large and scattered load of constitutional shot but the tedium of separate consideration of the numerous questions may properly be avoided for all of them will be disposed of in what will be said.

Respondents more concisely say that the issue is whether the legislature may provide revenue for corporate purposes of a particular county by the enactment of costs and fee statutes which vary in amount and method of calculation from those provided for other counties.

Like all other fees and costs provided to be paid in connection with services rendered by the officers of Spartanburg County, the proceeds of the questioned costs are channeled into the county treasury and used for general county purposes. Section 4770, Code of 1942; *Spartanburg County v. Pace,* 204 S. C., 322, 29 S. E. (2d), 333.

In conformity with this constitutional practice (the 1935 amendment to our constitution, fully set forth in the printing of article III, Sec. 34, subdivision 9, in volume 1 of the 1942 Code at page 1218) the annual supply acts passed by the General Assembly for the operation of Spartanburg County expressly appropriate the costs and fees so accruing to payment of county expenditures authorized by such annual acts. See, for example, Act No. 393 of 1945, 44 Stat. 1195, Sec. 16, at p. 1213. It is noted that even the surplus of the general county funds, of which the fees and

costs become a part, is appropriated to the payment of county debts. Sec. 1, item 1, of the 1945 supply act, 44 Stat., at page 1196; also, Sec. 4767 of the Code of 1942.

This consideration meets the objection that the payment resisted by appellants is a tax without a stated object, State constitution, Article X, Secs. 3 and 6. The money involved in the litigation in hand will be applied, under the county supply act, to defray the expenses of constitutional county purposes, enumerated in Article X, Sec. 6.

It is generally held that the requirement of uniformity of assessment and rate with respect to taxation (Article X, Sec. 1), relates to property taxation, which this is not. *Lillard v. Melton*, 103 S. C., 10, 87 S. E., 421. It is manifest that the many services rendered by the officers of the several counties vary in their costs and other conditions. For instance, the recording of legal papers is a very different service and of varying volume in the separate counties and the legislature has not undertaken to provide identical fees and costs for these and other services. On the contrary, the amounts vary and are prescribed separately by statutes applicable to the several counties. See the near-Chinese puzzle presented by chapter 117 of the Code of 1942, Secs. 4920 *et seq.*

However, the statute now complained of is entirely uniform in its application within the territory to which it applies, to wit, Spartanburg County, and thus does not run counter to the equal protection and due process clauses of the state and federal constitutions. It classifies the personal estates which are administered in the probate court of Spartanburg County in accord with their size, as is quite apparent from the reading of it, quoted above. It is patently a logical and reasonable classification, for the required work and responsibility of the administration are commensurate with the amount involved, upon which the sum of the tax is dependent. Similar provision is almost, if not quite, universal with respect to judicial sales and other public services which involve the handling of funds, as is well known.

Practically all of appellants' contentions are answered in the comprehensive opinion in *State v. Touchberry*, 121 S. C., 5, 113 S. E., 345. By the statute there under attack there was levied an annual license tax upon vehicles owned in Clarendon County, where only the law was applicable. It was upheld as a proper exercise of the legislative power to raise revenue for county purposes. Sec. 5 of Art. X was relied upon as express authority for the assessment and collection of taxes for county purposes so long as they are uniform "in respect to persons and property within the jurisdiction of the body imposing the same." The court further clearly held that each county of the state is a separate taxing district and that revenue measures may be applied therein which affect only citizens or property within the territory of the county. The license tax was likened to the levy of property taxes within a county for its constitutional purposes. Appellants concede that the challenged statute is a revenue-producing law, as was that in *State v. Touchberry*. Indeed, they say it is an inheritance tax, invalid because it applies only to estates administered in Spartanburg County, but consideration of it is convincing that it is not a tax upon the beneficiaries of estates or upon the transmission or transfer of property by descent or will, but is simply a tax, and a mild one, upon estates administered, the purpose of which is plainly to produce revenue for county purposes.

The case of *Webster v. Williams*, 183 S. C., 368, 191 S. E., 51, 111 A. L. R., 1348, is relied upon in argument by the appellants. But it did not present a similar problem. There the legislature had attempted to increase the penalties upon delinquent state and county property taxes in Orangeburg County alone; and there was in prior existence a general statute applying to state and county property taxes everywhere which prescribed the penalties for delinquency. It was expressly said that it was not attempted by the legislature in that instance to levy a local or special tax for the benefit of Orangeburg County, but was an effort to increase the penalties upon state and local taxes levied in Orangeburg

County above that provided by the existing general law which was applicable to the entire state.

The court was careful in the *Webster case* not to impinge upon the authority of *Touchberry's case* and distinguished it about as we have pointed out, citing also Article VII of the state constitution, Sec. 11, which authorizes special enactments for the operation of municipal, including county, governments. It was further said in the opinion: "Such special forms of taxation (here graduated rates upon estates and there licenses upon vehicles—interpolated) are clearly not within the constitutional limitations governing the imposition of taxes upon real and personal property."

In the light of the constitutional provisions and the cases cited, the exceptions are found to be without merit and are overruled.

Judgment Affirmed.

MR. CHIEF JUSTICE BAKER, MESSRS. ASSOCIATE JUSTICES TAYLOR and OXNER and MR. ACTING ASSOCIATE JUSTICE STEVE C. GRIFFITH, concur.