16325

OWENS v. SMITH *ET AL.*
LEE v. CARTER *ET AL.*
(58 S. E. (2d) 332)

*Messrs. Smythe & Smythe,* and *Sinkler, Gibbs & Simons,* all of Charleston, *for Appellants,*

*Mr. S. Henry Edmunds,* of Charleston, *for Respondents,*

March 9, 1950.

Stukes, Justice.

There are two appeals and this decision will govern both. They embrace attacks upon the constitutionality of Acts Nos. 811 and 812 of 1948, 45 Stat. 1996, 2004, which undertook to authorize the commissioners of certain named "public Service District" of Charleston County to promulgate and enforce zoning regulations. The lower court held the acts invalid because of conflict with section 34 of Art. III, subsection 9, of the State Constitution of 1895, which prohibits the enactment by the legislature of a special law in cases where a general law can be made applicable. The appeals followed. The judgment dealt with other points which need not be considered for the purpose of the appeals because that stated will be affirmed.

It should be noted that legislative bodies of, quoting, "cities and incorporated villages" are authorized to enact zoning ordinances by sections 7390-7398, inclusive, of the Code of 1942, which is a general law. The power has been exercised. *Momeier v. John McAlister, Inc.,* 203 S. C. 353, 27 S. E. (2d) 504. It is of interest also that frequently State legislatures by general acts authorize counties to enact zoning regulations. Annotation, 131 A. L. R. 1055. *Fairfax County v. Parker,* 186 Va. 675, 44 S. E. (2d) 9. In this State there is such a statute which is applicable to any county containing a city of over 70,000 population, Act No. 681 of 1942, 42 Stat. 1631.

The instant acts contain similar preambles in which it was recited as a legislative finding that the populations of the districts have increased to the point that the health and welfare of the inhabitants require regulation of the construction and use of buildings, roads and streets and it was, quoting from the preambles, "determined by virtue of the powers vested in the General Assembly by the constitution of South Carolina, particularly those conferred upon it under the provisions of section 11 of Article VII of said constitution that special provision with respect to the municipal government of said area should be enacted.

However, it has been settled by this court that the ultimate decision of whether an act of the legislature is void as a special act, under Sec. 34, Art. III, is for the court after careful consideration of the view thereof of the legislature. See the many decisions collected in 7 S. E. Dig. 499, Constitutional Law, 70(2), particularly the leading case of *State v. Hammond,* 66 S. C. 219, 44 S. E. 797.

It is axiomatic that all provisions of the constitution must be given force if possible in the application of them to any given problem. They should be applied as far as possible in harmony and not in conflict. 7 S. E. Dig. 435, Constitutional Law, 15. The rule therefore requires that section 11 of Art. VII may not be soundly applied to uphold every special legislative provision with respect to municipal government in disregard of the inhibition of sec. 34 of Art. III; otherwise the latter would be nullified in this particular, which is contrary to this primary concept of constitutional construction.

The court is indebted to appellants' counsel for their diligence in compiling the citations of some ninety-odd decisions since the adoption of the constitution in which legislative acts have been assailed for violation of the cited provision, which show that in about forty instances the acts under attack have been held unconstitutional. The

question is often close and difficult as reference to the cited decisions shows, and the court has followed what may be said to be a broad view of the problem which has resulted by reason of adherence to the rule that an act of the legislature will be held invalid for unconstitutionality only in such cases as that result is indicated beyond a reasonable doubt. 7 S. E. Dig. 464 *et seq.,* Constitutional Law, 48.

All parties to the appeals appear to properly agree that the authority of government to "zone" the use of privately owned property is founded in the police power. Delegation of such by special act to the corporate authorities of Charleston County to the extent attempted was held invalid in the recent case of *Gaud v. Walker,* 214 S. C. 451, 53 S. E. (2d) 316, 326. What was there said on the subject is apposite here and is quoted in part, as follows:

"We have just discussed rather fully the constitutional provisions relating to the government of cities and towns and the authority of the General Assembly to vest in them the police power. Respondents argue that the General Assembly may likewise vest the police power in counties. It is not necessary to determine on this appeal whether this may be done under a general statute. The precise question here is whether the police power may be delegated to the corporate authorities of one county and withheld as to all others. Obviously, in view of Section 1, Article 8 of the Constitution, no such distinction could be made between towns and cities. We are not unmindful of the fact that this article does not apply to counties, but we think it may be properly considered in seeking a proper construction of the other sections of the constitution. As pointed out in *Carroll v. Town of York* [109 S. E. 1, 95 S. E. 121, 123], one of the purposes sought to be accomplished by both Article 8, Section 1, and Article 3, Section 34 was 'to make uniform the statute law on like subjects'. We have heretofore endeavored to point out that rational differences exist in the various counties with reference to their fiscal affairs, but no good reason ap-

pears why the police power should be exercised by the corporate authorities of one county and not by the others, particularly when comparable in size and population. Our attention has been called to no condition peculiar to Charleston County calling for the exercise of the police power by its corporate authorities. There is nothing in the Act reasonably justifying this classification.

"In *Sansing v. Cherokee County Tourist Camp Board et al.,* 195 S. C. 7, 10 S. E. (2d) 157, the Court declared invalid, as contravening Article 3, Section 34 of the Constitution, an act regulating the operation of tourist camps in Cherokee County, creating a Tourist Camp Board, and providing that no person should own or operate any tourist camp without first obtaining from said Board a license to do so. In *State v. Hammond,* 66 S. C. 219, 44 S. E. 797, 800, the Court declared unconstitutional an act making it a misdemeanor to fail to remove, after forty-eight hours' notice to do so, a dam out of a running stream in certain counties. In discussing this question, the Court observed: "What possible reason can be assigned for making it a misdemeanor to so obstruct a running stream in Abbeville, while it would not be a misdemeanor to obstruct a running stream in the adjoining county of Greenwood? Why should running streams in Lancaster be so obstructed with impunity, while it is a crime to do a similar act in York or Chester?" * * *

"All sections of the Constitution must be considered together and harmonized, if possible. The authority to make special provision for municipal government (Art. VII, Sec. 11) must be interpreted in the light of all other provisions and restrictions contained in the Constitution and, when so construed, does not permit the General Assembly to delegate the police power to some particular county."

The foregoing conclusions with respect to a county, as distinguished from a city or town, are no less applicable to a "district" which latter is here involved.

Another recent decision of some application is *Shillito v. City of Spartanburg,* 214 S. C. 11, 51 S. E. (2d) 95, 5 A. L. R. (2d) 863, in which a special act was held invalid for conflict with Art. III, sec. 34, where it was undertaken by the enactment to levy and apply the proceeds of a property tax to a firemen's pension fund in a single city, in the face of a general law upon the subject which was applicable to all cities of the class of that concerned.

*State v. Touchberry,* 121 S. C. 5, 13 S. E. 345, and *Anderson v. Page,* 208 S. C. 146, 37 S. E. (2d) 289, cited by appellants, involving varying sources of revenue of different counties and the special acts so relating were upheld as within the authorization of Art. X, sec. 5, whereby the corporate authorities of counties, etc., may be vested with power to assess and collect taxes for corporate purposes, and the applicability of Art. VII, sec. 11, was only incidental. On the other hand, *Webster v. Williams,* 183 S. C. 368, 191 S. E. 51, 111 A. L. R. 1348, condemned a special act which attempted to increase the penalty upon delinquent state and county property taxes in a single county despite a general law thereabout. See also, *S. C. Tax Comm. v. Moss, Sheriff,* 195 S. C. 321, 11 S. E. (2d) 442.

Appellants strongly rely upon *Board of Township Commissioners v. Buckley,* 82 S. C. 352, 64 S. E. 163. There attack was upon special legislation establishing a form of government for Sullivan's Island in Charleston County. The territory was considered the property of the State except such of it as had been ceded to the United States which put it in a class to itself, as the court said, and therefore plainly the subject of special legislation.

Appellants also cite and rely upon the cases of *Rutledge v. Greater Greenville Sewer District,* 139 S. C. 188, 137 S. E. 597, and *Floyd v. Parker Water & Sewer Sub-District,* 203 S. C. 276, 17 S. E. (2d) 223. They are distinguishable as involving public improvement districts, necessitating special legislation for their creation and operation, which ap-

pears to have been properly assumed in the opinions. Particularly, it is urged that the power delegated by the legislature to the governing bodies of the districts to enforce suitable regulations constitutes a precedent for the present attempt to delegate by special act the authority to enforce zoning regulations. We do not agree because the requirement of, and provisions for, sewer connections, garbage collection, etc., are purely incidental to the purpose of the local improvement districts. Furthermore, those requirements in the interest of public health and safety are not reasonably comparable to the zoning of property for use by the owners.

There is no showing on the present record of need for special legislation. The preambles of the acts, to which reference has been made, are unconvincing of requirement of special provision for zoning in the areas involved. They purport to place the claimed necessity upon the increased population. This is not a condition peculiar to this particular territory. Granting that it does not obtain everywhere, a general law would apply where it does. This was the reasoning of the well considered opinion in *State v. Hammond, supra,* 66 S. C. 219, 44 S. E. 797, 800. It was there said: "If it be said that conditions in the included counties are peculiar, and seem to call for penal legislation of the kind mentioned, still a general law could be made applicable to the whole state, so as to operate wherever such conditions exist, and whenever similar or like conduct takes place."

The solution of the question presented seems to lie in the consideration that where the subject of the legislation is reasonably susceptible of general treatment, a special enactment thereon is invalid because violative of Art. III, sec. 34, subdivision 9, of the constitution, and, therefore, unauthorized by Art. VII, sec. 11. It is clearer of application here by reason of the two special acts affecting different districts and yet of practically identical provisions. The duplication of them well illustrates one of the evils of

special legislation which it is the intention of the constitution to avoid. Moreover, the susceptibility of the subject to general legislation is indicated by the earlier passage by the General Assembly of the similar statewide laws which have been cited *supra*.

Judgment affirmed upon the ground discussed.

FISHBURNE, TAYLOR and OXNER, JJ., and L. D. LIDE, Acting Associate Justice, concur.

BAKER, C. J., not participating.