**STATE BOARD OF REGENTS of the State of Iowa et al., Appellees,**
v.
**E. F. LINDQUIST et al., Appellants.**

**No. 54530.**

Supreme Court of Iowa.

June 17, 1971.

Meardon, Sueppel & Downer, Iowa City, for appellants Lindquist, Thornberry, McKeown, and Virginia Gay Hospital.

Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, for appellant Iowa Medical Society.

Gamble, Riepe, Martin & Webster and J. G. Fletcher, Des Moines, for appellant Hospital Service, Inc.

Richard C. Turner, Atty. Gen., and Elizabeth Nolan, Asst. Atty. Gen., and Arthur O. Leff, Iowa City, for appellees.

UHLENHOPP, Justice.

At issue is the constitutionality of a statute authorizing issuance of revenue bonds to build and equip additions to The University of Iowa Hospitals.

Acquisition of plant and equipment at Iowa schools of higher learning was formerly financed largely by legislative appropriations, together with gifts, grants, and federal assistance. As construction costs rose and competition for the state tax dol-

lar became keener, the Board of Regents began the use of credit in place of, or in addition to, appropriations by the legislature. The Iowa Constitution contains restrictions and procedural requirements regarding issuance of general obligation bonds of the state. The Board apparently regarded financing by such bonds impractical or impossible. It therefore employed the revenue bond approach.

First the dormitories were so financed. See Code, 1971, §§ 262.55–262.66. Later, a student union. Iowa Hotel Ass'n v. State Bd. of Regents, 253 Iowa 870, 114 N.W.2d 539. Still later, a parking ramp. Brack v. Mossman, 170 N.W.2d 416 (Iowa). Then classroom buildings. Farrell v. State Bd. of Regents, 179 N.W.2d 533 (Iowa). The present litigation, the latest in the series, involves hospital facilities. Sometimes these projects have utilized revenues from both the old and added facilities to pay the bonds, sometimes from only the new facilities. See also Green v. City of Mt. Pleasant, 256 Iowa 1184, 131 N.W.2d 5 (industrial development bonds); Frost v. State, 172 N.W.2d 575 (Iowa) (bridge bonds); Goreham v. Des Moines Metropolitan Area Solid Waste Agency, 179 N. W.2d 449 (Iowa) (solid waste disposal bonds). See generally, Bowmar, The Anachronism Called Debt Limitation, 52 Iowa L.Rev. 863.

The evidence discloses that the only major hospital at the Iowa schools of higher learning is the system of University Hospitals at The University of Iowa. The physical plant of University Hospitals was constructed years ago and needs enlargement and modernization. The Board studied the problem for a considerable time and eventually developed a plan to construct and equip additions costing approximately $35,000,000, of which $15,000,000 would be raised by bonds payable solely out of revenues from the hospital as enlarged. The balance of $20,000,000 would come from other sources.

The Iowa General Assembly enacted a statute authorizing revenue bond procedure for projects of the kind in question, at The University of Iowa. Code, 1971, ch. 263A. Under the statute, the legislature adopted concurrent resolutions authorizing revenue bonds of $15,000,000 for the contemplated additions to University Hospitals and for equipment. 62 G.A. House Con.Res. 28; 63 G.A. Senate Con.Res. 26.

The statute follows the pattern of previous Iowa statutes of that nature. The bonds, payable solely out of nonappropriated hospital revenues, will not constitute an obligation of the state. Sufficient monies are to be skimmed off nonappropriated hospital revenues each year for payment of interest and of principal installments on the bonds, plus a reserve. These monies are to be placed in two funds—a sinking fund and a reserve fund—separate from other funds of the University.

The trial court upheld both the statute and the Board's proceedings for the project, and defendants appeal.

In this court, defendants contend the statute is unconstitutional for several reasons: (1) It authorized the Board to contract a debt without procedures required by the Iowa Constitution; (2) It unconstitutionally delegates legislative and judicial powers to the Board; (3) It constitutes a special act in violation of the constitution; and (4) It imposes a tax in an unconstitutional manner.

■ I. *A State Debt?* Defendants' first ground has two parts, under § 2 and § 5 of Article VII of the Iowa Constitution. Both parts, however, depend on the contention that the revenue bonds constitute a debt of the state.

Section 2 of Article VII relates to "casual deficits or failures in revenues." The state may contract debt to meet such contingencies to the amount of $250,000 in the aggregate.

(Sections 3 and 4 of the same article relate to state debts for losses to certain school funds and for defense of the state against invasions and insurrections and in

wars. These two sections are only pertinent as they aid to an understanding of § 5.)

Section 5 of the article authorizes state indebtedness generally and prescribes the manner in which such debt may be incurred. It excepts the debts in §§ 2, 3, and 4 and then authorizes state debt to be contracted upon compliance with certain procedures.

If the statute before us authorizes state debt, it is unconstitutional: first, the bonds are not to be issued to cover "casual deficits or failures in revenues" and in any event exceed $250,000, so they are not authorized by § 2 of Article VII; and second, the required procedures of § 5 have not been taken, so the bonds are not authorized by that section. Hence the primary question in the case, as in most of these cases, is whether the revenue bonds constitute a state debt.

This court has considered the meaning of "state debt" on a number of occasions and holds the view that revenue bonds of the kind authorized by this statute do not constitute such debt. Consequently §§ 2 and 5 are not applicable, and those sections do not render the statute unconstitutional. Iowa Hotel Ass'n v. State Bd. of Regents, 253 Iowa 870, 114 N.W.2d 539; Brack v. Mossman, 170 N.W.2d 416 (Iowa); Farrell v. State Bd. of Regents, 179 N.W.2d 533 (Iowa).

The situation in the present case is quite parallel to the Iowa Hotel case, where the revenue to pay the bonds was to come from the old and the new parts of a student union. The court made this pronouncement which is applicable here (253 Iowa at 878, 114 N.W.2d at 544):

The state does not promise to pay. There is no alternative procedure by which the state would be required to pay. The state, speaking through the legislature, says that no one may obligate the state to pay. When the enabling Act specifically negatives any charge against

the state, there is no state debt within the meaning of the Constitution.

The first ground of defendants' challenge to the statute cannot be upheld.

■ II. *Delegation of Power?* Defendants' next challenge is under § 1 of Article III of the Iowa Constitution. That section divides the power of the state into three departments—legislative, executive, and judicial—and prohibits the exercise by one department of the functions of the other departments except as authorized in the constitution. The Board of Regents is part of the executive department. No one claims that a constitutional exception exists here to the proscription of the exercise of legislative and judicial powers by the Board. Hence the question is whether this statute does authorize the Board to exercise legislative or judicial powers.

The statute prescribes in considerable detail what the Board may do and how it must proceed. The functions left to the Board are actually administrative details, not the functions of legislating or adjudicating. The court has spoken on this question also and has held that similar statutes do not unconstitutionally delegate power; similar functions have been called "administrative duties." Iowa Hotel Ass'n v. State Bd. of Regents, 253 Iowa 870, 878–879, 114 N.W.2d 539, 544–545; Farrell v. State Bd. of Regents, 179 N.W.2d 533, 540–541 (Iowa). The subject was carefully canvassed in Goreham v. Des Moines Metropolitan Area Solid Waste Agency, 179 N.W.2d 449 at 455–456 (Iowa).

We cannot uphold this ground of defendants' challenge.

■ III. *Special Act?* Defendants' next ground is that the statute is a special act, contrary to § 30 of Article III of the Iowa Constitution. That section forbids special laws absolutely in six enumerated cases and then states that "in all other cases where a general law can be made applicable, all laws shall be general * * *." The statute before us deals with health

care facilities generally but at The University of Iowa specifically.

If the statute dealt with health care facilities at state establishments generally or even at all state schools of higher learning, it would be sufficiently broad in application as to be a general rather than a special law and immune from attack as a special law under the recent decisions in Green v. City of Mt. Pleasant, 256 Iowa 1184, 131 N.W.2d 5, and Frost v. State, 172 N.W.2d 575 (Iowa). But the statute refers to health care facilities at only one place: The University of Iowa. Moreover, the evidence discloses that only one institution is in contemplation—the various facilities of University Hospitals. That institution is a complex one with many branches, but it is one, overall institution. We are inclined to think this statute is a special act.

But that is not necessarily fatal. The statute is not within any of the six classes forbidden absolutely. The question is whether this is a situation to which "a general law can be made applicable."

In determining whether a general law can be made applicable, courts consider the nature and purpose of the legislation and the conditions and circumstances under which it was enacted. State ex rel. Anderson v. Hodgson, 183 Kan. 272, 326 P.2d 752; Higgins v. Board of Comm'rs of Johnson County, 153 Kan. 280, 560, 112 P.2d 128. If a general law clearly can be made applicable, a special law is impermissible. Heckler v. Conter, 206 Ind. 376, 187 N.E. 878; cf. Owens v. Smith, 216 S.C. 382, 58 S.E.2d 332. On the other hand, the usual presumption in favor of constitutionality attends a legislative act of this kind. State for Use and Benefit of Lawrence County v. Hobbs, 194 Tenn. 323, 250 S.W.2d 549. This court itself has held the requirement

that a special act shall not be used where a general one "can be made applicable" is not to be so tightly applied as to tie the hands of the legislature unduly. McSurely v. McGrew, 140 Iowa 163, 118 N.W. 415.

The evidence discloses that the schools of higher learning possess but a single major institution like this hospital and that this hospital, which needs enlargement, has peculiar revenue-producing capabilities making revenue bonds feasible. The state has the problem of this particular institution. Mindful of the presumption of validity which attends legislative acts, we believe the legislature was within its province in enacting a statute to deal with this special problem. We conclude this ground of challenge to the statute is not meritorious.

IV. *Unconstitutional Tax?* Defendants' last ground is that the statute imposes or continues taxes for hospital purposes without distinctly stating the tax and the object to which the tax is to be applied, contrary to § 7 of Article VII of the Iowa Constitution.

But this statute imposes or continues no taxes, and nothing in the statute obliges the state to impose or continue taxes now or hereafter. The bonds are not to be paid from taxes, but are expressly made payable from nonappropriated revenues of University Hospitals. The situation here is governed by what was said on the subject in Green v. City of Mt. Pleasant, 256 Iowa 1184 at 1200, 131 N.W.2d 5 at 16. This ground of attack on the statute is untenable.

We hold the statute is constitutional.

Affirmed.

All Justices concur except BECKER, J., who concurs in result.